**Eugene H. SMITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 04–81–00399–CR.**

Court of Appeals of Texas,
San Antonio.

Jan. 25, 1984.

J. Randall Keltner, San Antonio, for appellant.

Bill White, Criminal Dist. Atty., Susan Reed, Roy Carper, Criminal Asst. Dist. Attys., San Antonio, for appellee.

Before ESQUIVEL, BUTTS and TIJERINA, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a conviction for unauthorized use of a vehicle.

The jury found appellant guilty of the offense charged in the indictment and his punishment was assessed by the court at 5 years' confinement. By his grounds of error, appellant raises the following issues: (1) whether there was an improper communication by the trial court with the jury during the jury's deliberation on guilt-innocence; (2) whether appellant was denied a fair trial by the trial court's refusal to compel a witness, who had invoked his fifth amendment rights, to answer certain questions propounded to him by appellant; and (3) whether there was improper jury argument in the guilt-innocence phase of the trial. We answer all issues in the negative and affirm the judgment of conviction.

Appellant does not challenge the sufficiency of the evidence. Viewed in the light most favorable to the jury's verdict, the evidence is as follows. On November 4, 1980, appellant was arrested driving a 1975 white Buick LaSabre automobile, bearing Texas license plate number EAF 111. On the morning of October 21, 1980, the automobile had been removed from inside a fenced-in car lot after the hinges to the gate on the fence had been sawed off. Frank Butler, the owner of the car lot and of the automobile, discovered the automobile parked on a city street on November 4, 1980. As a result of a police stakeout appellant was arrested shortly thereafter as he drove off in the automobile. Appellant was identified in court by the witness Mark Stafford as the person Stafford saw at 6:30 a.m. on the 21st day of October, 1980, inside the car lot in question, and who appeared to be sawing the hinges on the fence gate and who was between the gate and a white automobile parked "coming out of the gate."

Appellant's ground of error number one is as follows:

> The court committed reversible error in communicating with the jury during its deliberations on guilt/innocence without first attempting to secure the presence of the appellant and his counsel and in refusing to grant a motion for new trial based on (1) the aforementioned premise and (2) misinformation given to the jury by the court bailiff as to the availability of testimony for their reconsideration, in violation of Article I, Subsection 10 of the Texas Constitution, Articles 1.05, 36.-27 and 36.28, C.C.P., and the Sixth Amendment of the United States Constitution.

Appellant contends that the trial court erred in failing to answer a question from the jury and in failing to notify the defendant of an alleged question from the jury. This contention is without merit. The record does not reflect any question, oral or written, being presented to the court while the jury was in deliberation on guilt-innocence. The record reflects that upon being advised by its bailiff that the jury had a question, the trial court told the bailiff to advise the jury that if they had any question to put it in writing. The bailiff so advised the jury foreman. Appellant contends that this was a communication in violation of article 36.27 Texas Code of Criminal Procedure. In revising prior articles 676 and 677, the Legislature has provided that all communication between jury and court be in writing if the communication is relative to the case. TEX.CODE CRIM.PROC.ANN. art. 36.27 special commentary (Vernon 1981). In an interpretation of old articles 676 and 677, the Texas Court of Criminal Appeals in *Franklin v. State*, 363 S.W.2d 137, 138 (Tex.Cr.App. 1962), held that a communication between the court and the jury, although not made in compliance with the provisions of the statutes, which does not amount to an additional instruction by the court upon the law or some phase of the case, does not constitute reversible error. The court's oral instruction in the instant case can in no way be construed as an additional instruction by

the court upon the law or some phase of the case as prohibited by article 36.27, *supra*.

Appellant further contends that he was denied a fair trial when the court bailiff misinformed the jury foreman of the law when the bailiff stated to the foreman that the testimony of a witness was unavailable to them for their reconsideration during their deliberations. Appellant refers us to TEX.CODE CRIM.PROC.ANN. art. 36.28 (Vernon 1981). We find appellant's contention to be without merit. Nowhere in the record is it reflected that the court's bailiff ever told any member of the jury that the testimony of any witness was unavailable to the jury for their reconsideration during their deliberations. It is clear from the record that the *foreman* advised the jury of the unavailability of appellant's testimony for their reconsideration, strictly on his own volition and only after being instructed by the bailiff to put all questions in writing. We overrule appellant's ground of error number one.

Appellant's second ground of error is as follows:

> The court committed reversible error by refusing to instruct a material defense witness to answer questions propounded to him by defense counsel, and the court further committed reversible error in failing to hold such witness in contempt of court for failure to answer defense counsel questions, in violation of Article I, Subsection 10 of the Texas Constitution, Article 1.05, C.C.P., and the Sixth Amendment of the United States Constitution.

■■■ Appellant testified that an individual named Julius Ford had loaned him the automobile in question; and that based upon representations made to him by Ford he believed that Ford was the owner of the automobile. Appellant, in his brief, complains that Ford, who was subsequently called as a witness for appellant, invoked his fifth amendment rights and refused to answer the following questions propounded to him by appellant's attorney:

(1) Did you own a car in October of 1980?

(2) Mr. Ford, In October of 1980, did your parents own a car.

(3) Mr. Ford, do you know a person by the name of Mack Stafford?

He alleges that such questions were innocuous and Ford's refusal to answer them reflected his lack of good faith in taking the stand and in seeking the protection of the fifth amendment privileges. Appellant further alleges that the trial court's refusal to compel such answers violated appellant's right to confront witnesses and resulted in appellant not receiving a fair trial. We fail to see how appellant was denied his constitutional right of confrontation since it was appellant who called Ford as a witness. It is well settled that an accused has a constitutional right to call a witness in his favor, but this right to call a witness does not preclude the witness from asserting his privilege against self-incrimination. *Cunningham v. State*, 500 S.W.2d 820, 823 (Tex.Cr.App.1973). A trial court may compel the witness to testify over the assertion of the fifth amendment protection in those instances where, after careful consideration of the circumstances, the court finds that the witness is mistaken in asserting such right and the answer cannot possibly have a tendency to incriminate. *Ex parte Butler*, 522 S.W.2d 196, 198 (Tex.1975). We conclude that, under all the circumstances, the trial court did not err in concluding that Ford's assertion of his fifth amendment right to refuse to answer any of the above enumerated questions propounded to him was well taken, and accordingly it was not error for the trial court to refuse to compel Ford to answer them. *See Brown v. State*, 500 S.W.2d 653 (Tex. Cr.App.1973). Appellant's second ground of error is overruled.

■■ Appellant's ground of error number three is as follows:

> The State committed reversible error in making an improper argument to the jury outside the scope of the evidence and the court committed reversible error

in refusing to grant Defendant's request for a mistrial based on such argument.

The record reflects the following argument by the attorney for the State in her argument to the jury in the guilt-innocence phase of the trial:

> Now, Julius Ford was brought up in the case and he came up here and claimed the Fifth Amendment in front of you. Now, I would say—I would suggest to you that counsel is trying to show that he's guilty by having him claim the Fifth Amendment to you. That's his suggestion.
>
> All right. If you remember on voir dire when we were talking and I was telling you about the defendant's right to testify, that if he didn't testify, you would be given a Fifth Amendment instruction that you are not to consider that as evidence of guilt.
>
> And I suggest to you that the same could be said about Julius Ford. Now, Julius Ford was not going to tell us much about anything, to tell you the truth.

The record further reflects that the attorney for appellant objected to the aforementioned argument on the grounds that "... the prosecutrix [sic] is commenting on a witness taking the Fifth Amendment." The objection was sustained and appellant's motion for a mistrial was overruled.

Appellant, on appeal, now contends that the statement by the prosecutor in her argument that "... Julius Ford was not going to tell us much about anything, to tell you the truth...." was a comment by the prosecutor that Ford's testimony would have been inconsequential and was therefore manifestly improper, prejudiced the minds of the jurors and went beyond the realm of summation. We hold that this contention does not comport with the objection to such argument raised at trial. *Bodiford v. State*, 630 S.W.2d 847, 852 (Tex. App.—Fort Worth 1982, pet. ref'd). There is nothing before us for review and, accordingly, we overrule appellant's ground of error number three.

All of appellant's grounds of error having been overruled, the judgment of conviction is affirmed.