**Mildred Mayo BELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–87–0157–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 22, 1987.

D. Jennings Bryant, Jr., Highlands, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Barbara D. Budros, Steve Baldassano, Harris County Asst. Dist. Atty., Houston, for appellee.

Before EVANS, C.J., and SAM BASS and DUGGAN, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from a conviction for misdemeanor theft. The jury found appellant guilty as charged. The court assessed punishment at 90 days confinement in the Harris County Jail, probated for a period of six months, and a fine of $300. As a condition of probation, appellant was also required to perform 40 hours of community service.

In three points of error, appellant contends that reversible error occurred because (1) the trial proceedings were conducted without the presence of a judge; (2) the court did not use reasonable diligence in securing the presence of appellant and (3) unauthorized persons were allowed to converse with the jury outside the presence of the court.

The trial was before the Honorable Don L. Hendrix, Judge of Harris County Criminal Court at Law No. 2. Because Judge Hendrix had a hearing scheduled on the day the closing arguments were to be made, the Honorable Bill Ragan, Judge of County Criminal Court at Law No. 1, agreed to read the charge to the jury and listen to the arguments of counsel. Judge Ragan's court is on a different floor from Judge Hendrix's court. The jury moved to Judge Ragan's court and began their deliberations in Judge Ragan's jury room. During deliberations, the jury foreman sent out a note requesting that certain testimony be read from the court reporter's notes. At that time, Judge Ragan was not in his courtroom, and the note was given to his court reporter who, after checking with appellant's counsel, took the note to Judge Hendrix. He informed Judge Hendrix that appellant had no objection to the jury's proposal. Judge Hendrix then instructed his own court reporter, who had recorded the testimony, to take his notes to the jury and read the requested portion of the testimony. Meanwhile, defense counsel and the prosecution discussed with each other their concern about the reading of the testimony in the jury room with only the jury, the court reporter, and the bailiff present. They attempted to locate the court reporter and stop him until they could talk to the judge. But they were unsuccessful and decided that they were too late to stop the procedure.

At the hearing on appellant's motion for mistrial, Judge Hendrix's court reporter testified that he entered the jury room with the bailiff and read one question and one answer to the jury, as the note requested.

He testified that the jury foreman said, "Read it back one more time." He read it back again and then left. He made only one other comment to the jury, and that was that if they had another question, they should write it down. He testified that no one else spoke during the time he and the bailiff were in the jury room.

Judge Ragan's court reporter testified that when he received the note asking that the testimony be read to the jury, he showed the note to the defense counsel, who responded that he had no objection to the jury being able to hear the information. The reporter then took the note to Judge Hendrix.

The bailiff testified that he went into the jury room with Judge Hendrix's court reporter, and that while they were in the jury room, no conversation took place other than the reading of the question and answer. It is undisputed that defendant was not present during the time the question and answer were read to the jury and that there was no judge present in Judge Hendrix's courtroom.

At the same time that jury deliberations were taking place in Judge Ragan's jury room, Judge Hendrix was presiding over a trial in his own courtroom. When the jury made a request for this testimony, that request was taken to Judge Hendrix, who instructed his court reporter to read the designated testimony to the jury. We conclude that Judge Hendrix presided over the proceedings even though the jury was located in the jury room of another court. While this is not a recommended procedure, we hold that it did not invalidate the proceedings.

Point of error number one is overruled.

In her second point of error, appellant contends that reversible error occurred because the court did not use reasonable diligence in securing her presence and that of her counsel before complying with the jury's request. She argues that this prevented her from making an objection to the request. She relies on Texas Code of Criminal Procedure, article 36.27 (Vernon 1981), which establishes certain guidelines governing communications between the court and the jury.

The Court of Criminal Appeals has uniformly held that a communication between the court and the jury, although not in compliance with the statute, does not constitute reversible error if it does not amount to an additional instruction by the court upon the law or some phase of the case. *Nacol v. State*, 590 S.W.2d 481 (Tex. Crim.App.1979). The court reporter's reading of a question and answer from the transcript as requested by the jury does not amount to either prohibited matter.

■ The Texas Code of Criminal Procedure, article 36.28 (Vernon 1981) authorizes a jury to request a reading of the testimony and the court to comply with that request. Article 36.28 does not require that the testimony be read in open court or in the presence of the defendant. To reverse a conviction based on the absence of the defendant during a portion of the trial, there must be a showing of injury or of facts from which injury might be inferred. *Cartwright v. State*, 96 Tex.Crim.R. 230, 259 S.W. 1085 (1923). Injury will not be inferred unless the presence of the defendant bears "a reasonably substantial relationship to the opportunity to defend." *Mares v. State*, 571 S.W.2d 303, 305 (Tex. Crim.App.1978). In this case, there are no facts tending to show any injury. The testimony requested was from a portion of the direct examination of appellant, and appellant's counsel concedes that no objection was made to the reading of the testimony to the jury.

Point of error number two is overruled.

■ In her third point of error, appellant contends that reversible error occurred when unauthorized persons were allowed to converse with the jury during its deliberations outside the presence of the court. Appellant argues that Texas Code of Criminal Procedure, article 36.22 (Vernon 1981) prohibits any communication with the jury except in the presence of the court.

Article 36.22 provides: "No person shall be permitted to be with the jury while it is deliberating. No person shall be permitted

to converse with a juror about the case on trial except in the presence and by the permission of the court."

The court reporter was not "conversing" with the jury when he read the requested portion of the trial record as instructed by the court. In addition, while injury to a defendant is presumed if an unauthorized person converses with the jury, that presumption is rebuttable. Here, it is undisputed that the case was not discussed and that nothing prejudicial to the accused was said. *See Mayo v. State,* 708 S.W.2d 854 (Tex.Crim.App.1986).

Point of error number three is overruled.

The judgment of the trial court is affirmed.