Raymond Edward **BOATWRIGHT**,
Appellant,

v.

The **STATE** of Texas, Appellee.

Nos. 14–94–00878–CR, 14–94–00879–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Oct. 17, 1996.

---

Will Outlaw, Houston, for appellant.

Sandra J. Pomerantz, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

ANDERSON, Justice.

Appellant Raymond Edward Boatwright was convicted of intentionally and knowingly carrying a handgun and an illegal knife. On appeal, he argues two points of error. First, he contends that the trial court failed to comply with the requirements of articles 36.27 and 36.28 of the Texas Code of Criminal Procedure when the trial judge permitted testimony to be read back to the jury. Second, the appellant argues that the evidence presented at trial was insufficient to establish that he intentionally and knowingly possessed a weapon. We affirm.

On the date of the offenses initiating this appeal, two Houston police officers stopped the appellant for an expired automobile inspection sticker. A routine check of the appellant's license number revealed an outstanding warrant for his arrest for an unrelated offense. The officers arrested him and then conducted an inventory search of his vehicle. In the process, they discovered a large knife with a blade longer than five and one-half inches and a .25 caliber semiautomatic pistol in the car. Appellant was indicted on two separate charges of carrying an illegal weapon. During deliberations at the guilt/innocence phase of appellant's trial on these charges, the jury notified the judge that they disagreed on the testimony of one of the arresting officers. In response to the written request of the jury, the judge permitted the court reporter to read back specific portions of the officer's testimony in open court even though the appellant and his attorney were not present at the time. Relying on articles 36.27 and 36.28 of the Texas Code of Criminal Procedure, appellant argues that because neither he nor his counsel was present in court at the time the testimony was read back to the jury, the trial court committed reversible error.[1]

We need not address the merits of this argument because the appellant has

---

1. In making this argument, appellant has blurred an important distinction between articles 36.27 and 36.28. The first provision applies when the court instructs the jury on the law. The latter applies when, as in this case, the judge is merely directing the court reporter to read back testimo-

failed to properly preserve the asserted error. In order to argue a court's alleged noncompliance with articles 36.27 and 36.28, the appellant must either object or file a formal bill of exception. *Hollins v. State,* 805 S.W.2d 475 (Tex.Crim.App.1991); *Smith v. State,* 513 S.W.2d 823, 829 (Tex.Crim.App. 1974). When error is not preserved by one of these methods, the actions of the trial court are presumed to be in compliance with the requirements of the statute and the alleged error is waived. *Smith,* 513 S.W.2d. at 829. While we acknowledge that appellant and his attorney were not present to object at the time that the trial court responded to the jury's inquiry, that fact does not alleviate the appellant's duty to preserve error. Appellant is only required to object "as soon as the ground of objection becomes apparent." *Hollins,* 805 S.W.2d at 476. In this case, he could have objected when he returned to the courtroom and learned of the judge's action. Alternatively, he could have filed a formal bill of exception. Tex.R.App.P. 52. Because he failed to exercise either option, he has presented us with nothing to review. Accordingly, we must overrule his first point of error.

 In his second point of error, appellant argues that the evidence was insufficient to show that he intentionally and knowingly possessed the weapons.[2] In order to defeat this element of the charge, appellant testified that his wife had used the automobile earlier in the day. He also claimed that the vehicle had been used to transport personal items during his recent move to a new home. Nevertheless, the standard of review for a legal sufficiency challenge to the evidence is whether, viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). We will not reevaluate the weight of the evidence or the credibility of the witnesses. *Muniz v. State,* 851 S.W.2d 238, 246 (Tex.Crim.App.), *cert. denied,* 510 U.S. 837, 114 S.Ct. 116, 126 L.Ed.2d 82 (1993). Rather, it is the exclusive province of the factfinder to determine whether the cumulative force of the evidence against the defendant merits a conviction. *Harris v. State,* 738 S.W.2d 207, 220 (Tex.Crim.App.1986), *cert. denied,* 484 U.S. 872, 108 S.Ct. 207, 98 L.Ed.2d 158 (1987).

In this case, two arresting officers each testified independently that the appellant told them that he carried the weapons to protect himself.[3] The jury, as the sole judge of the weight and credibility of the evidence, could rationally conclude from this testimony that the appellant intentionally and knowingly carried the handgun and the illegal knife.[4] Thus, we find this evidence sufficient to support the jury's verdict and overrule appellant's second point of error.

We affirm the judgment of the trial court.

ny. Such a communication between the trial court and the jury cannot be construed as an additional instruction by the court on the law or some phase of the case. *Smith v. State,* 665 S.W.2d 202, 203–04 (Tex.Crim.App.1984). While 36.27 requires diligence in securing the presence of counsel, the plain language of article 36.28 does not require the presence of counsel before communicating with the jury about disputed testimony. *Bell v. State,* 740 S.W.2d 524, 526 (Tex.App.—Houston [1st Dist.] 1987, no pet.). Nevertheless, for the reasons discussed below, we do not address this asserted error.

2. We limit our discussion to a legal sufficiency review of the evidence. Although this court has the power to address factual sufficiency issues in criminal cases, the power is limited to situations where factual sufficiency is properly raised. *Clewis v. State,* 922 S.W.2d 126, 131 (Tex.Crim.

App.1996). Appellant has only raised legal sufficiency as a point of error.

3. In his brief appellant challenges these statements as hearsay. However, because appellant failed to object to that testimony at trial, that issue is not preserved for review. Tex.R.App.P. 52. In addition, these statements were clearly not offered to prove the truth of the matter asserted and, as such, do not constitute hearsay.

4. The Rule had been invoked prior to the time either of the arresting officers testified. This fact enhanced the jury's ability to detect falsehoods by exposing inconsistencies in their testimony, especially in this case where the witnesses were testifying for the same side. Tex.R.Crim.Evid. 613; *Kelley v. State,* 817 S.W.2d 168, 171 (Tex.App.— Austin 1991, pet. ref'd).