Affirmed and Opinion filed October 3, 2002









Affirmed
and Opinion filed October 3, 2002.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00815-CR

____________

 

ROBERT EARL CRUMBLEY, JR.,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On
Appeal from the 174th District Court

Harris County, Texas

Trial
Court Cause No. 872,708

 



 

O
P I N I O N

Robert
Earl Crumbley, Jr., appeals a conviction for
aggravated robbery[1]
on the ground that the trial court erred by allowing testimony to be read back
to the jury without first determining that the jury disagreed about the
statement of a witness.[2]  We affirm.








To
preserve error for a failure to comply with Article 36.28, an appellant must
either object or file a bill of exception. 
Hollins v. State, 805 S.W.2d 475, 476
(Tex. Crim. App. 1991); Boatwright v. State,
933 S.W.2d 309, 311 (Tex. App.CHouston [14th Dist.] 1996, no pet.).  In this regard, we presume that the parties
were present at the reading although the record is silent to that effect.  Hollins, 805
S.W.2d at 476.  However, even if an
appellant or his attorney is not present at the time the trial court responds
to a jury=s inquiry, the duty to preserve error
is not alleviated.  See Boatwright,
933 S.W.2d at 311.  An appellant is still
required to object as soon as the ground for objection becomes apparent.  Hollins, 805
S.W.2d at 476.

In
this case, the record reflects no objection by appellant, either at the time
the testimony was requested by, and read to, the jury or at any later time the ground
for objecting became apparent.  Because
appellant=s complaint was not raised in the
trial court, it presents nothing for our review.  Accordingly, his sole issue is overruled, and
the judgment of the trial court is affirmed.

 

 

 

/s/        Richard
H. Edelman

Justice

 

Judgment rendered and Opinion filed
October 3, 2002.

Panel consists of Justices Edelman, Seymore, and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).

 

 











[1]           A jury
found appellant guilty, and the court imposed punishment of forty years
confinement.





[2]           See
Tex. Code Crim.
Proc. Ann. art. 36.28 (Vernon 1981) (A[I]f the
jury disagree as to the statement of any witness they may, upon applying to the
court, have read to them . . . that part of such witness testimony or the
particular point in dispute, and no other . . . .@).