Affirmed and Opinion filed October 17, 2002









Affirmed and Opinion filed October 17, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-00775-CR

____________

 

FREDRICK LEE HICKS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 155th District Court

Austin County, Texas

Trial Court Cause No. 2001R-0056

 



 

O P I N I O N

The appellant was convicted by a
jury of burglary and sentenced to 20 years’ confinement in the Texas Department
of Criminal Justice, Institutional Division. 
In his sole point of error, the appellant argues the trial court erred
by commenting on the weight of the evidence in answering a jury question during
deliberation.  We affirm.

FACTUAL BACKGROUND








Tia Johnson testified she let the
appellant, her boyfriend, borrow her car one evening.  Because appellant
did not return her car, Johnson went looking for him the next morning.  When she found him, they agreed to
meet that night at her house after
work.  That night, appellant packed the
trunk of Johnson=s car with
some of his belongings.  The next
morning, Johnson
saw him put a box in the trunk of her
car.  After Johnson and appellant started
fighting, Johnson got into her car, drove to her neighbor=s house,
and called the police.  The police
arrested appellant at Johnson’s house and searched her house and her car, where they found
several items appellant had stolen, including
a gun inside the box in Johnson’s trunk and a rifle in her attic.  Appellant was charged with burglary. 

At trial, a police officer
testified he found one of the stolen guns in Johnson=s home in
the attic area of the back bedroom. 
During jury deliberation, the jury sent a note asking the trial court to
“[p]lease provide transcript of first officer with respect to where he found
the assault rifle.”  The court replied, “[t]he
officer testified that the gun was found in the attic area above the bedroom in
Tia Johnson’s house.”  The jury found
appellant guilty, and he appealed.

DISCUSSION

To complain on appeal about errors
made during trial, the error must have been preserved for appeal by a
trial-time objection.  Hollins v. State, 805 S.W.2d 475, 476 (Tex.
Crim. App. 1991); Boatwright v. State, 933 S.W.2d 309, 310B11 (Tex.
App.CHouston
[14th Dist.] 1996, no writ).  Failure to
object at trial waives the issue on appeal, unless the harm is egregious.  Hollins, 805
S.W.2d at 476.  To preserve error
regarding a court=s
communication with the jury, the appellant must either object or file a formal
bill of exception.  Boatwright,
933 S.W.2d at 310B11.  If appellant does neither, the actions of the
trial court are presumed to be in compliance with applicable statutes, and any
error is waived.  Id.

The appellant did not object to the
trial court’s answer to the jury=s
question.  Because the appellant did not
preserve error, we overrule his sole point of error.  See Boatwright, 933 S.W.2d at 310B11.  








Even if the appellant had objected
to the court=s answer, the court’s answer was
not a comment on the weight of the evidence. 
The Texas Court of Criminal Appeals has held that telling the jury what
the witness said is not a comment on the evidence.  See Mathis v. State, 471 S.W.2d 396,
397 (Tex. Crim. App. 1971).  In Mathis,
the jury questioned whether a porch light was on.  The trial court told the jury which witness
testified to the information, which was not a comment on the weight of the
evidence.  See id.  

As in this case, the trial court
gave the jury the correct information. 
When the officer testified about searching Johnson’s house, he said the
gun was found “in the back bedroom up in the attic area.”  The court told the jury that, “the officer
testified that the gun was found in the attic area above the bedroom in Tia
Johnson’s house.”  The trial court did
not mislead the jury or provide incorrect information. 

We affirm the trial court’s
judgment.

 

/s/        Michol O=Connor

Justice

 

 

Judgment rendered and Opinion filed
October 17, 2002

Panel consists of Chief Justice
Brister, Justices Hudson and O=Connor.*

Do Not Publish C Tex.
R. App. P. 47.3(b).

 

 

 

 

 

 

* The Honorable
Michol O=Connor,
Retired Justice, Court of Appeals, First District of Texas at Houston,
participating by assignment.