Affirmed and Memorandum Opinion filed August 28, 2003









Affirmed and Memorandum Opinion filed August 28, 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00895-CR

____________

 

CHARLIE JAMES ROBERTS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th District Court

Harris County, Texas

Trial Court Cause No. 912,363

 



 

M
E M O R A N D U M  O P I N I O N








A
jury found appellant guilty of the felony offense of a felon in possession of a
weapon and assessed punishment at 25 years= incarceration in the Texas
Department of Criminal Justice, Institutional Division.  Now, appellant complains that (1) the
evidence presented was insufficient to support the offense and was sufficient
to show appellant=s defense of necessity, (2) the
trial court erred in overruling appellant=s objection to hearsay testimony,
and (3) he was denied due process when the jury learned about appellant=s
prior convictions during the guilt/innocence phase of trial.  The facts of this appeal are known to the
parties, so we do not recite them here. 
Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion.  Tex.
R. App. P. 47.1.  We affirm. 

DISCUSSION

Appellant
raises three issues on appeal.  First,
appellant contends the evidence he presented in his defense was
factually sufficient to support a defense of necessity, and the evidence was
factually insufficient to support the offense . 
Second, appellant complains the trial court erred by admitting in
evidence hearsay statements.  Finally,
appellant asserts he was denied due process when the jury learned of his prior
convictions during the guilt/innocence phase of trial.

I.       Factual Sufficiency of Necessity








First,
appellant contends the evidence presented at trial was factually insufficient
to support the offense of felon in possession of a weapon and factually
sufficient to sustain his defense of necessity. 
When reviewing the factual sufficiency of the evidence, we view all the
evidence without the prism of Ain the light most favorable to the
prosecution,@ and we set aside the verdict only
if it is Aso contrary to the overwhelming
weight of the evidence to be clearly wrong and unjust.@  Johnson v. State, 23 S.W.3d 1, 6B7
(Tex. Crim. App. 2000) (citing Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App.
1996)).  Under this standard, the
evidence can be Afactually insufficient if (1) it is
so weak as to be clearly wrong and manifestly unjust or (2) the adverse finding
is against the great weight and preponderance of the available evidence.@  Id. at 11; see also Swearingen v.
State, 101 S.W.3d 89, 97 (Tex. Crim. App.
2003).  When conducting a factual
sufficiency review, we compare the evidence that tends to prove the existence
of a fact with the evidence that tends to disprove that fact.  See Jones v. State, 944 S.W.2d 642,
647 (Tex. Crim. App. 1996).  We consider the fact finder=s
weighing of evidence and can disagree with the fact finder=s
determination.  See Clewis, 922 S.W.2d at 133.  But, we must employ the appropriate deference
so that our evaluation does not intrude upon the jury=s
role as the sole judge of the weight and credibility of any witness=s
testimony.  See Jones, 944 S.W.2d
at 648; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997).  If we find factual insufficiency,
we must remand for a new trial.  See
Swearingen, 101 S.W.3d at 97.

To
establish appellant committed the offense of unlawful possession of a firearm
by a felon, the State must prove appellant (1) was previously convicted of a
felony and (2) possessed a firearm (3) within five years of appellant=s
release from confinement.  Tex. Pen. Code Ann. 46.04(a).  To show a necessity defense, appellant must
prove, among other things, that he Areasonably believ[ed]
the conduct [was] immediately necessary to avoid imminent harm.@  Tex. Pen. Code Ann. ' 9.22(1).

Here,
the State satisfied the first element of appellant=s
offense by showing he was previously convicted of a felony.  Appellant pleaded true to two enhancement
paragraphs in his indictment stating he was previously convicted of two
felonies, namely, possession of a controlled substance.  Second, Officer Pena testified to
apprehending appellant and placing him on the ground.  After patting down appellant, the officer
removed a loaded gun from appellant.  The
second officer that arrived on the scene witnessed Officer Pena removing the
weapon from appellant.  In fact,
appellant admitted he possessed a gun when he was arrested by the officer.  Finally, appellant=s
release from confinement was August 9, 2001. 
Appellant was arrested with a gun on February 2, 2002.  This establishes appellant possessed the
firearm five years within his release from confinement.








Appellant=s
justification defense of necessity stemmed completely from his own
testimony.  He claimed he needed to
secure the gun, belonging to Claude, to prevent any harm.  He did not describe any imminent harm.  Instead, appellant testified he picked the
gun up Aout
of response@ and so Claude Awouldn=t
be able to get back to it.@ 
Appellant and the woman then went to a friend=s
house to calm down.  However, appellant
returned to the scene of the altercation to retrieve the woman=s
cigarettes and to call the police.  He
left the friend=s house with the gun.  The State cross-examined appellant, and he
could not explain why he did not leave the gun at his friend=s
house when returning to the scene of the altercation to call the police.  In fact, he could not explain why he did not
call the police from his friend=s house.  Moments after appellant returned to the
scene, police arrived and arrested appellant. 
Besides appellant testifying to the claim, no evidence exists of a
necessity defense.

Reviewing
the evidence of the offense in a neutral light, we note the jury, by its
verdict, rejected appellant=s version of the offense in favor of
the testimony by the State=s witnesses.  Under these circumstances, we defer more
readily to the jury=s verdict in conducting our factual
sufficiency review.  Johnson, 23
S.W.3d at 9. (A[D]ue
deference must be accorded the fact finder=s determinations, particularly those
determinations concerning the weight and credibility of the evidence.@).  The verdict was not contrary to the great
weight of the evidence and we hold the evidence is factually sufficient to
support the jury=s finding.  We overrule appellant=s
first issue.

II.      Excited
Utterance

Second, appellant asserts the trial
court erred by allowing Claude=s statement to the officer in
evidence as an excited utterance.  The
decision to admit or exclude evidence rests solely within the discretion of the
trial court.  Williams v. State,
535 S.W.2d 637, 639B40 (Tex. Crim.
App. 1976).  This Court will not overturn
a trial court=s decision absent a clear abuse of
discretion.  Montgomery v. State,
810 S.W.2d 372, 390B91 (Tex. Crim.
App. 1990).  Here, we do not find the
trial court abused its discretion.








Officer Jimerson
testified that appellant told Claude and Claude=s son, AI=m
going to kill both of you.@ 
Appellant timely objected to this statement as double hearsay.[1]  AHearsay included within hearsay is
not excluded under the hearsay rule if each part of the combined statements
conforms with an exception to the hearsay rule provided in these rules.@  Tex.
R. Evid. 805.  For the State to
overcome multiple hearsay, Aeach separate identifiable increment
of hearsay must be distinctly justified under some recognized exception to the
hearsay rule.@ 
Davis v. State, 696 S.W.2d 494, 498 (Tex. App.CEl
Paso 1985, no writ).

First, we must address appellant=s
comment, AI=m going to kill both of you,@
directed toward Claude and Claude=s son.  This threat is not hearsay, but instead, an admission
by a party opponent.  Tex. R. Evid. 801(e)(2)(A).  ARule 801(e)(2)(A) plainly and
unequivocally states that a criminal defendant's own statements, when being
offered against him, are not hearsay.@ 
Trevino v. State, 991 S.W.2d 849, 853 (Tex. Crim.
App. 1999) (en banc).  Therefore, the
State resolved the first step in overcoming double hearsay.

Second, Claude relayed appellant=s
threat to Officer Jimerson, and Officer Jimerson testified to the hearsay statement.  Because of the excited utterance exception,
the trial court correctly admitted this second level of hearsay.  Rule 803 defines an excited utterance as a Astatement
relating to a startling event or condition made while the declarant
was under the stress of excitement caused by the event or condition.@  Tex.
R. Evid. 803(2).  To determine if
a statement qualifies as an excited utterance, (1) the statement must be the
result of a startling occurrence, (2) the declarant
must be under pain, fear or emotion of the occurrence, and (3) the statement
must relate to the circumstances surrounding the startling occurrence.  Couchman
v. State, 3 S.W.3d 155, 159 (Tex. App.CFort Worth 1999, pet. ref=d).  This Court may also consider how much time
has elapsed between the startling event and the statement.  See Wood v. State, 18 S.W.3d 642, 652
(Tex. Crim. App. 2000) (determining a fourteen-hour
delay is excessive for an excited utterance exception); Ross v. State,
879 S.W.2d 248, 249 (Tex. App.CHouston [14th Dist.] 1994, writ ref=d)
(holding that a statement within thirty to forty-five minutes of an attack was
an excited utterance).

Here, when the officers questioned
Claude, his head was bleeding, he was distraught, and his clothes were
torn.  He advised the officers that
appellant was upset with him for talking to the woman.  Appellant and Claude exchanged heated words,
and appellant began hitting him. 
Appellant then left the scene and when appellant returned, Claude=s
son was present.  Appellant stated to the
two men, AI=m going to kill both of you.@  








First, the statements Claude told
the officers were the result of the startling occurrenceCthe
assault by appellant, which had just occurred. 
Second, Claude was in pain from a bleeding head.  Both officers testified the men were Areally
excited,@
Avery
upset,@
and screaming.  Third, the statements
Claude told the officers related to the assault.  Claude described the altercation, the reasons
behind it, and the threat appellant made when he returned.  Finally, Claude gave the statements to the
officers immediately after the officers placed appellant in custody and began
questioning the witnesses.  Considering
all the evidence, Claude clearly made the statements while still dominated by
the excitement of appellant=s assault.  The trial court did not abuse its discretion
in admitting the statements as an excited utterance, and we overrule appellant=s
second issue.

III.     Due
Process and Prior Convictions

Finally, appellant complains he was
denied due process because the jury learned of his prior convictions during the
guilt/innocence phase of trial.  To
complain on appeal about errors made during trial, the error must have been
preserved for appeal by a trial-time objection. 
Tex. R. App. P. 33.1; Hollins v. State, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991); Boatwright v. State, 933 S.W.2d
309, 310B11
(Tex. App.CHouston [14th Dist.] 1996, no
writ).  Failure to object at trial waives
the issue on appeal, unless the harm is egregious.  Hollins, 805
S.W.2d at 476; see also Briggs v. State, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990) (stating that even constitutional error
may be waived by appellant=s failure to timely object). 








Appellant did not, at any point
during trial, object to his prior convictions. 
See Reyes v. State, 84 S.W.3d 633, 638 (Tex. Crim.
App. 2002) (finding a party waives error regarding improperly admitted evidence
if that same evidence is admitted elsewhere without objection); Ethington v. State, 819 S.W.2d 854, 858B59
(Tex. Crim. App. 1991) (holding a party must continue
to object each time a party offers allegedly inadmissible evidence).  The State mentioned appellant=s
prior convictions during the reading of the indictment, the opening statements,
and the testimony by witnesses.  Not only
did appellant fail to object each time, appellant testified about his prior
convictions when he took the stand.  Appellant
has waived any error, and we overrule his final issue.  See Boatright,
933 S.W.2d at 310B11.

In conclusion, we overrule all of
appellant=s issues, and we affirm the judgment
of the trial court.

 

 

 

 

 

/s/        Wanda
McKee Fowler

Justice

 

 

Judgment rendered and Memorandum
Opinion filed August 28, 2003.

Panel consists of Chief Justice Brister and Justices Fowler and Frost.

Do Not Publish C
Tex. R. App. P. 47.2(b).

 











[1]  The statement
was double hearsay because neither Claude, nor Claude=s son, nor appellant testified at trial.  Officer Jimerson
was the only person who testified to the comment.