11th Court of Appeals
Eastland, Texas
Opinion
 
Joe Luis Ortega
            Appellant
Vs.                  Nos. 11-03-00126-CR & 11-03-00127-CR – Appeals from Fisher County
State of Texas
            Appellee
 
            In Cause No. 11-03-00126-CR, the jury convicted Joe Luis Ortega of the offense of
indecency with a child by exposure against the victim, S.S. The jury assessed appellant’s
punishment at 8 years confinement. In Cause No. 11-03-00127-CR, the jury convicted appellant of
the offense of indecency with a child by contact as alleged in Count 1 of the indictment and of
indecency with a child by exposure as alleged in Count 2 of the indictment. Both offenses in Cause
No. 11-03-00127-CR were committed against the victim, K.S. The jury assessed appellant’s
punishment at 15 years confinement for the offense alleged in Count 1 of the indictment and 8 years
confinement for the offense alleged in Count 2 of the indictment. The causes were tried jointly. The
trial court ordered that the sentences run consecutively. We affirm.
            There is no challenge to the sufficiency of the evidence. S.S. and K.S., the 9-year-old
victims, are twin sisters. K.S. testified that appellant’s wife babysat her and her sister after school. 
K.S. stated that on some occasions she and her sister would be left at the house alone with appellant.
K.S. stated that appellant would “stick his penis into [her] vagina.” K.S. also stated that appellant
would “lick” her vagina. K.S. said that appellant told her he wished he could “do this” to K.S.’s
mother. K.S. further testified that, when she and S.S. were doing their homework, appellant would
show them his penis. 
            S.S. testified at trial that occasionally, when appellant’s wife would leave her with appellant,
he would call her into the bedroom, pull down her shorts, and put his “private” in her “private.” S.S.
stated that, while she was doing her homework, appellant would “pull it out” and tell her to touch
“it” or kiss “it.” S.S. further testified that appellant touched her “private” with his mouth. S.S. stated
that, one time, she heard K.S. screaming and that she ran into the room where appellant and K.S
were. S.S. said that appellant and K.S. did not have any clothes on. S.S. told appellant to “stop it.” 
Appellant “got off” of K.S., pushed S.S. out of the door, and locked the door. 
            Appellant testified at trial and denied touching the victims inappropriately. Appellant also
stated that he did not “expose” himself to the victims. Appellant said that he treated the victims as
he would his own daughter. 
            In his first issue on appeal, appellant argues that the trial court erred in refusing to charge the
jury on his requested instruction. Appellant requested that the trial court instruct the jury on the
following definition of a unanimous verdict:
            The verdict you reach must be unanimous. A unanimous verdict means that
each and every one of you must agree as to the specific time and manner of the
alleged sexual conduct and or exposure, if any. A verdict is not unanimous if
individual jurors rely upon a different act -- upon different acts of sexual contact or
exposure alleged to have been committed in rendering a verdict of guilty. If each
individual juror does not agree as to the specific time and manner of the alleged
sexual contact and or exposure, then you will say by your verdict “Not guilty.” 
 
            Appellant relies on Francis v. State, 36 S.W.3d 121 (Tex.Cr.App.2000), for his argument
that the charge, as given by the trial court, allowed the jury to convict him on less than a unanimous
verdict. In Francis, the court held that submitting more than one offense to the jury in the
disjunctive violated the defendant’s right to a unanimous jury verdict. However, the jury charge in
the present case sets out each offense in a separate paragraph and instructed the jury to find appellant
guilty of that offense if it found evidence of guilt beyond a reasonable doubt. The jury received a
separate verdict form for each offense. Appellant has not shown that the trial court erred in denying
his requested jury charge. Moreover, any error in the charge was not calculated to injure the rights
of appellant. Almanza v. State, 686 S.W.2d 157, 171 (Tex.Cr.App.1985). Appellant’s first issue on
appeal is overruled. 
            In his second issue on appeal, appellant contends that the trial court erred in its response to 
the jury’s request for further instruction. The clerk’s record contains a note from the jury asking the
trial court whether the sentences for each count will run consecutively or concurrently. The trial
court responded that any sentences of confinement in the penitentiary “may run concurrently or
consecutively at the discretion of the Judge.” The reporter’s record does not contain any discussion
concerning the jury’s note. 
            Appellant argues that the trial court’s response to the jury’s question does not comply with
the requirements of TEX. CODE CRIM. PRO. ANN. art. 36.27 (Vernon 1981). Article 36.27 
provides that any communication from the jury to the trial court should be in writing. Article 36.27
further states that:
The court shall answer any such communication in writing, and before giving such
answer to the jury shall use reasonable diligence to secure the presence of the
defendant and his counsel, and shall first submit the question and also submit his
answer to the same to the defendant or his counsel or objections and exceptions, in
the same manner as any other written instructions are submitted to such counsel,
before the court gives such answer to the jury, but if he is unable to secure the
presence of the defendant and his counsel, then he shall proceed to answer the same
as he deems proper. The written instruction or answer to the communication shall
be read in open court unless expressly waived by the defendant.
 
            All such proceedings in felony cases shall be a part of the record and recorded
by the court reporter.
 
            Appellant argues on appeal that he was not allowed to object to the trial court’s response to
the question or submit a proposed answer because he was not notified of the jury’s question. In its
brief, the State claims that appellant and his trial counsel read the note from the jury, agreed to the
trial court’s response, and waived reading the response in open court. In Green v. State, 912 S.W.2d
189 (Tex.Cr.App.1995), the defendant argued that he had no opportunity to object because the record
did not indicate that his trial counsel was aware of the jury’s note and had an opportunity to respond. 
The court rejected the argument stating that “[t]his Court does not decide cases based on speculation
about matters not shown in the record.” Green v. State, supra at 192. The court held that, in the
absence of a showing to the contrary in the record, we presume the trial court’s response was in open
court and in appellant’s presence. Green v. State, supra at 192. Therefore, we also presume that
appellant had an opportunity to object. Green v. State, supra. Because appellant did not object to
the trial court’s response to the jury’s note, he has not preserved anything for review. TEX.R.APP.P.
33.1(a); Green v. State, supra; Boatwright v. State, 933 S.W.2d 309, 311 (Tex.App. - Houston [14th
Dist.] 1996, no pet’n). Moreover, appellant has not shown that he was harmed by the trial court’s
response to the jury’s note. TEX.R.APP.P. 44.2(b); McGowan v. State, 664 S.W.2d 355
(Tex.Cr.App.1984). Appellant’s second issue on appeal is overruled.
            In his third issue on appeal, appellant argues that the trial court erred in ordering his 
sentences to run consecutively. The jury assessed appellant’s punishment at 8 years confinement in
Cause No. 11-03-00126-CR, at 15 years confinement in Count 1 of Cause No. 11-03-00127-CR, and
at 8 years confinement in Count 2 of Cause No. 11-03-00127-CR. The trial court sentenced appellant
in accordance with the jury’s verdicts and ordered the sentences to run consecutively. Appellant
asked the trial court to reconsider its decision “in the interest of justice, and also in consideration of
[appellant’s] election to have these cases tried together.” The trial court denied appellant’s request
to reconsider. 
            TEX. PENAL CODE ANN. § 3.03 (Vernon 2003) states in part that:
             (a) When the accused is found guilty of more than one offense arising out of
the same criminal episode prosecuted in a single criminal action, a sentence for each
offense for which he has been found guilty shall be pronounced. Except as provided
by Subsection (b), the sentences shall run concurrently.
 
Section 3.03(b) provides that, when an accused is found guilty of more than one offense arising out
of the same criminal episode, the sentences may run concurrently or consecutively if the sentence
is for a conviction of indecency with a child and the victim is younger than 17 at the time of the
offense. Appellant has not shown that the trial court abused its discretion in ordering his sentences
to run consecutively. See Nicholas v. State, 56 S.W.3d 760 (Tex.App. - Houston [14th Dist.] 2001,
pet’n ref’d). Appellant’s third issue on appeal is overruled. 
            The judgments of the trial court are affirmed.
 
                                                                                                PER CURIAM
 
June 30, 2004
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.