Manuel Gomez CASIANO, Appellant,

v.

The STATE of Texas, Appellee.

No. 46276.

Court of Criminal Appeals of Texas.

May 30, 1973.

Richard A. Mayhan, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell, and Ted Busch, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant was convicted of the offense of murder with malice; punishment was assessed at twenty years' confinement.

The sufficiency of the evidence is not challenged.

Appellant complains first of error committed when the jury asked certain questions of the court during deliberation. The record reflects that the jury first inquired:

"Did the ballistics expert state that all five bullets recovered from the body come from the *same* gun?"

"How many witnesses say that they actually saw Mr. Casiano shoot Mrs. Casiano?"

The judge responded with a detailed answer, explaining to the jury that they could request to have any statement by a witness read to them if in dispute on a particular point. Art. 36.28, Vernon's Ann.C.C.P. The jury then inquired:

"Some of the jurors believe that the ballistics expert gave testimony stating that all the recovered bullets came from the *same* gun; other jurors did not hear such testimony. We would like to hear the ballistics expert's testimony repeated."

The court reporter then read to the jury as follows:

(From the testimony of Randy Sillivan, a ballistics expert)

"So the only question I could come to would be to positively eliminate the 38 Rohm. [Gun belonging to owner of lounge where offense occurred] It was possible, however, not positive that the five (5) bullets would have been fired in the 38 Colt Police Positive." [Gun identified as one carried by appellant]

■ The appellant argues both that the court's answer commented upon the weight of the evidence and also that the court erred in reading only a small portion of the expert's testimony to the jury. We disagree. The testimony read to the jury was directly in point to the inquiry they made. Further, the record is silent as to any objection to such procedure by the court. We perceive

no error. Odumes v. State, 445 S.W.2d 218 (Tex.Cr.App.1969); cf. Verret v. State, 470 S.W.2d 883 (Tex.Cr.App.1971).

Appellant's remaining grounds relate to a motion to suppress he filed to keep out certain testimony by the ballistics expert. The motion was overruled. At this point, a short recitation of the facts is required.

Two witnesses testified that they observed appellant enter the El Tipo Lounge, walk over to the bandstand, and shoot his wife, who was playing the drums in the band. Several witnesses testified that appellant then turned his gun toward the owner of the lounge. The owner attempted to call the police; two men tried to prevent the owner from calling. However, he managed to get to the bar where he had a pistol hidden, a .38 caliber Rohm, chrome plated. He fired at appellant, and appellant fell to the floor. A .38 caliber revolver was found nearby on the floor. Police officers arrived and appellant was arrested.

A ballistics expert testified that he examined the five bullets retrieved from the deceased's body and both guns recovered from the lounge. He stated that the bar owner's gun could not have fired the bullets; he testified that a positive identification could not be made as to the gun found on the floor because of the condition of the weapon. He said that the bullets *could* have been fired from this weapon.

Appellant's complaint is that he was deprived of his right of cross-examination since the .38 caliber Rohm pistol was not available at the time of trial. Further, he charges that the State disposed of this evidence. We have closely examined the record and find the following testimony: the arresting officer testified that both guns were tagged and turned over to the firearms examiner. The ballistics expert testified that the gun in question, after being tested, was returned to a Detective Fultz of the Homicide Division. The owner of the gun, the lounge operator, stated that

he no longer had the pistol, that it had been stolen.

 Appellant has not shown what he hoped to prove by obtaining the weapon. Detective Fultz was not called as a witness in order to explain what happened to the gun. Defense counsel thoroughly cross-examined the ballistics expert. We perceive no error.

Alternatively, appellant contends that the pistol was the "best evidence" and its introduction should have been required. The best evidence rule is applicable only where the contents of a document are sought to be proved up. Overton v. State, 490 S.W.2d 556 (Tex.Cr.App.1973).

Finding no reversible error, the judgment is affirmed.

DOUGLAS, J., not participating.