Roosevelt HOLLINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 939–87.

Court of Criminal Appeals of Texas, En Banc.

March 20, 1991.

Russ Henrichs, Dallas, for appellant.

John Vance, Dist. Atty., Patricia Poppoff Noble, Heidi Akins and Steve Miller, Asst. Dist. Attys., Dallas, and Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

McCORMICK, Presiding Judge.

Appellant Roosevelt Hollins was convicted by a jury of sexual assault. V.T.C.A., Penal Code, Section 22.011. After pleading true to one enhancement paragraph in the indictment, appellant was sentenced to forty years' confinement. On appeal appellant raised four points of error, but the Dallas Court of Appeals addressed only one, reversing and remanding the cause for a new trial. *Hollins v. State*, 734 S.W.2d

194 (Tex.App.—Dallas 1987). We granted the State's petition for discretionary review to determine whether the Court of Appeals correctly held that appellant was harmed when the court reporter read testimony to the jury which differed from the testimony revealed in the electronically recorded official transcript. See Tex.R.App.Pr. 200(c). We will reverse the decision of the Court of Appeals and remand for it to address appellant's remaining three points of error.

Prior to trial, both parties agreed that the record of all proceedings in this case would be made by electronic tape recording pursuant to the January 21, 1986, order by this Court.[1] After trial when the jury retired to deliberate, jury members disagreed as to a certain portion of appellant's testimony and requested to have the testimony read back to them. The trial court properly ordered the court reporter to read the disputed testimony to the jury in open court with all parties present. See Article 36.28, V.A.C.C.P. We will presume the presence of the parties at the reading even though it is unclear from the record whether appellant and his attorney were present. See Article 36.27, V.A.C.C.P., and Frame v. State, 615 S.W.2d 766, 770 (Tex.Cr.App. 1981) (where record is silent, there is a presumption that procedural rules were complied with). No objection to this reading of the testimony was raised until appellant filed his appeal.

Notwithstanding appellant's failure to object, the Court of Appeals determined that error had been preserved by reasoning that

"[a]ppellant could not lodge a timely objection or complain of this error in a motion for new trial because the discrepancy between the official, electronically recorded record and the court reporter's notes did not come to light until appellant filed his notice of appeal and ob-

tained a transcription of the electronic record." Hollins, 734 S.W.2d at 196. The court conceded that there was no authority for holding that this was automatic error, but attempted to justify its decision by concluding that "it is only logical that reading incorrect testimony pursuant to Article 36.28 ... is error." Hollins, 734 S.W.2d at 197. We recognize that error may have occurred, but we disagree with the determination that error was preserved.

■ The purpose of a timely objection is to give the trial judge the opportunity to cure error. See generally Anderson v. State, 633 S.W.2d 851 (Tex.Cr.App.1982). In order to be considered timely, an objection must be made as soon as the ground of objection becomes apparent, i.e., as soon as the defense knows or should know that an error has occurred. Thompson v. State, 691 S.W.2d 627, 635 (Tex.Cr.App.1984). Failure timely to object generally waives error unless the statement is so prejudicial that no instruction can cure the harm. Tex.R.Cr.Evid. 103. See Romo v. State, 631 S.W.2d 504 (Tex.Cr.App.1982); Higdon v. State, 764 S.W.2d 308, 310 (Tex.App.— Houston [1st Dist.] 1988, pet. ref'd).

■ It is well established that complaints about error in the reading of trial testimony must be preserved by objection at the time of the reading. See Casiano v. State, 495 S.W.2d 232 (Tex.Cr.App.1973); Swindell v. State, 491 S.W.2d 400 (Tex.Cr. App.1973); Martin v. State, 459 S.W.2d 845 (Tex.Cr.App.1970); Maldonado v. State, 425 S.W.2d 646 (Tex.Cr.App.1968). We acknowledge that appellant's case is distinguishable from these prior cases in that only recently have courts begun using sound-recording equipment to transcribe trial proceedings rather than the traditional method of manual transcription by court reporters. This distinction, however, is in-

---

**1.** On January 21, 1986, we issued an order permitting the parties in criminal proceedings in the district courts of Dallas County to waive a stenographic record of such proceedings by written stipulation, and to have the record made by electronic tape recording. The statement of facts on appeal would consist of the cassette recording[s], the court reporter's log made

while recording the proceedings, and all exhibits. Parties would be required on appeal to file a written transcription of the recorded portions of the statement of facts with their briefs. The order established a presumption of correctness for these transcriptions and absolved appellate courts of a duty to review any part of an electronic recording.

consequential to appellant's point of error, because in either situation error will always be more apparent after transcription. The rule requires objection as soon as the error is apparent or should be apparent, not when the error becomes *more apparent*.

■■■ The error in appellant's case should have been apparent to appellant or his counsel at the time of the reading because the court reporter read appellant's testimony back to the jury on the very same day that appellant testified.[2] The testimony was appellant's own testimony and he claimed that it was vital to his defense; even more reason for appellant or his attorney to have noticed the omission at the time of the reading. Furthermore, it is clear from the record in this Court that if appellant had objected to the testimony at the time of the reading, the court could have ordered the tape to be replayed and the omitted portion read to the jury. This would have cured the error immediately, or at the very least, the trial court would have had the opportunity to determine whether the omitted portion was necessary properly to respond to the jury's request. Failure to read a complete statement in responding to a jury request does not render the reading inaccurate or in violation of Art. 36.28.

*See Iness v. State*, 606 S.W.2d 306 (Tex.Cr.App.1980) (court must decide in its own discretion what sections of the testimony will best answer a proper jury request for reading of testimony after the jury has retired), and *Casiano v. State*, 495 S.W.2d 232 (Tex.Cr.App.1973) (no error when the record is silent as to any objection to court reporter reading only small portion of expert's testimony).

Since we find no facts in appellant's case which warrant creating an exception to the traditional objection requirement, we hold that appellant failed to preserve this error. We reverse the decision of the Court of Appeals and remand to that court for determination of appellant's remaining points of error.

CLINTON, J., dissents.

■■■■■■

2. The court reporter read the following testimony to the jury:

"This is direct examination by [Defense Attorney] 'Question: Have you seen the occupants of Room 135 at any time? Answer: I seen one gentleman who asked me to go into the room. Question: Okay. Where did you see him? Answer: I seen him where we go in the maid quarters. Question: Okay. Was he the person that testified earlier in the trial? Answer: Yes, he did. Question: Okay. Your recollection was he said to go in and clean the room. Answer: Yes, he did. Question: Did he specify what part of the room to clean? Answer: Yes, he did. Question: What did he say precisely? Answer: He said there was some more guests inside the room. I would appreciate it if you would go in and get the dirty towels that's in the bathroom and clean up the front room. Question: Did he indicate whether or not you should go in the bedroom? Answer: No, he did not. Question: Did he say don't go in the bedroom or he didn't say anything at all? Answer: No he didn't. Question: Didn't indicate either way? Answer: No.' And this will be cross examina-

tion by [the Prosecutor] 'Question: Now, who—wait a minute. Excuse me. Now, who is the man that asked you to come in and change the towels? Which one of the witnesses was that that you're referring? Answer: I can't remember, but I remember what he had on. Question: Well, can you remember what order the persons testified earlier in so I can identify which man you're talking about? Answer: Let's see. The second gentleman. Question: The second person? Answer: Yes. Question: You're saying that's the one that asked you to come in and change the towels? Answer: Yes. Question: What time did he do this? Answer: I can't recall. Question: You can't recall? Answer: No.' and that's the end of the testimony."

The electronically recorded testimony substantially mirrors the above, except that in response to defense counsel's question, "Had you seen the occupants of Room 135 at any time?" appellant responded, "I seen one gentleman who asked me *and Ms. [complainant]* to go into the room." The underlined portion of appellant's response was omitted from the court reporter's reading of the testimony to the jury.