IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-1443-05






DAVID CARROL GILLENWATERS, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE THIRD COURT OF APPEALS


WILLIAMSON COUNTY
 





 HOLCOMB, J., delivered the opinion of the Court, in which KELLER, P.J., and
MEYERS, PRICE, WOMACK, JOHNSON, and COCHRAN, JJ., joined. KEASLER
and HERVEY, JJ., concurred in the result. 



 The Third Court of Appeals held that it "need not consider" whether the telephone
harassment statute had been unconstitutionally applied to appellant because he had "failed to
preserve this objection for appellate consideration by raising the issue at trial." Gillenwaters v. State,
No. 03-04-00077-CR (Tex.App.-Austin, July 13, 2005), slip op. at 12 (not designated for
publication). We reverse and remand.

 The relevant facts, as reflected in the case record, are as follows. In March 2003, appellant
was charged by information with the offense of telephone harassment under Texas Penal Code §
42.07(a)(4). (1) The information alleged that on October 22, 2002, in Williamson County, appellant,
"with intent to harass, annoy, alarm, abuse, torment, and embarrass [the complainant], [had] made
repeated telephone communications to [her] in a manner reasonabl[y] likely to harass, alarm, abuse,
torment, embarrass, and offend [her]."

 Appellant filed a pretrial motion to quash the information. In his motion, appellant, citing
the due process and due course of law clauses of the United States and Texas constitutions, argued
that § 42.07(a)(4) was "unconstitutionally vague on its face." (2) More specifically, appellant argued
that (1) "the [statutory] terms 'harass, annoy, alarm, abuse, torment, embarrass and offend' [were]
not defined by the statute and fail[ed] to give notice sufficient that a person of ordinary intelligence
would . . . know what is prohibited"; (2) "[t]he statute fail[ed] to establish determinate guidelines
for the enforcement of the law"; and (3) "[the statute failed] to be sufficiently definite to avoid
chilling protected speech or expression." See Long v. State, 931 S.W.2d 285, 287-288
(Tex.Crim.App. 1996) (discussing the Fourteenth Amendment void-for-vagueness doctrine). 

 In December 2003, the State brought appellant to trial before a petit jury on his plea of not
guilty. At the start of the trial, before any evidence had been adduced, appellant urged his motion
to quash and argued to the trial court that "the vagueness" of § 42.07(a)(4) was "readily apparent." 
The trial court denied appellant's motion to quash. Later, during the course of the guilt stage - once
during the complainant's testimony and once after both sides had rested - appellant objected again
that the language of § 42.07(a)(4) was "unconstitutionally vague." Each time appellant objected, the
trial court overruled his objection. The jury subsequently found appellant guilty as charged in the
information, and the trial court assessed his punishment at confinement for ten days and a $250 fine.

 Appellant filed a timely motion for new trial and presented it to the trial court for a ruling. 
In his motion, appellant, again citing the due process and due course of law clauses of the United
States and Texas constitutions, argued that § 42.07(a)(4) was "unconstitutional as applied to him in
his case." (3), (4) Although appellant did not use the word "vague" or "vagueness" in his motion for new
trial, he did argue that "[n]ow that the evidence has been adduced," the trial court could "more
readily discern the unconstitutionality of the statute" as it had been applied against him. Appellant's
motion for new trial was later overruled by operation of law.

 On direct appeal, appellant brought four points of error. In his fourth point, appellant argued
that "[s]ection 42.07 [was] unconstitutionally vague and overbroad as applied in this case." See
Morehead v. State, 807 S.W.2d 577, 579-580 (Tex.Crim.App. 1991) (discussing the First
Amendment overbreadth doctrine). The Third Court of Appeals overruled all of appellant's points
of error and affirmed the trial court's judgment. Gillenwaters v. State, supra, slip op. at 12. With
respect to appellant's fourth point of error, the court of appeals held that it "need not consider"
whether § 42.07(a)(4) had been unconstitutionally applied to appellant because he had "failed to
preserve this objection for appellate consideration by raising the issue at trial." Ibid.

 Appellant later filed a petition for discretionary review, which we granted. In his petition,
appellant argues that his "as applied" challenges to § 42.07(a)(4) were in fact preserved for appellate
review because he "filed and obtained a ruling on his motion for new trial, which specified that he
was complaining about the application of the statute under which he [had been] convicted." (5) 

 Rule 33.1(a) of the Texas Rules of Appellate Procedure provides that, as a prerequisite to
presenting a complaint for appellate review, the record must show that the complaint was made to
the trial court by a specific and timely request, objection, or motion. Generally speaking, a party's
complaint is adequately specific if the party lets the trial judge know what he wants and why he is
entitled to it, Lankston v. State, 827 S.W.2d 907, 909 (Tex.Crim.App. 1992), and a party's complaint
is timely if the party makes the complaint as soon as the grounds for it become apparent, Hollins v.
State, 805 S.W.2d 475, 476 (Tex.Crim.App. 1991). 

 The requirement that complaints be raised in the trial court (1) ensures that the trial court will
have an opportunity to prevent or correct errors, thereby eliminating the need for a costly and time-consuming appeal and retrial; (2) guarantees that opposing counsel will have a fair opportunity to
respond to complaints; and (3) promotes the orderly and effective presentation of the case to the trier
of fact. Saldano v. State, 70 S.W.3d 873, 887 (Tex.Crim.App. 2002); Zillender v. State, 557 S.W.2d
515, 517 (Tex.Crim.App. 1977); W. LaFave, et al., Criminal Procedure § 27.5(c) at 923-924 (2d ed.
1999). 

 In the instant case, appellant filed and presented to the trial court a motion for new trial
arguing that § 42.07(a)(4) was "unconstitutional as applied to him in his case." Was this motion
adequately specific and timely so as to preserve appellant's complaints for appellate review?

 We turn first to the question of whether appellant's motion for new trial was adequately
specific. Although the word "vague" or "vagueness" appeared nowhere in appellant's motion, any
reasonable trial judge probably would have understood the motion, in context, to be asserting an
"unconstitutionally vague as applied" challenge to the statute, since appellant's consistent complaint
throughout trial had been that the statute was too vague to be enforceable. We therefore conclude
that appellant's motion for new trial was specific enough to put the trial court on notice of his
"unconstitutionally vague as applied" challenge to § 42.07(a)(4).

 On the other hand, no reasonable trial judge would have understood appellant's motion for
new trial, even in context, to be asserting an "unconstitutionally overbroad as applied" challenge to
the statute. Neither the word "overbroad" nor the word "overbreadth" appeared in the motion for
new trial, and at no point during the trial did appellant make an overbreadth challenge to the statute
under which he was being tried. We therefore conclude that appellant's motion for new trial was
not specific enough to put the trial court on notice of his "unconstitutionally overbroad as applied"
challenge to § 42.07(a)(4).

 We turn next to the question of whether appellant's motion for new trial was timely within
the meaning of Rule 33.1. We conclude that it was. First, appellant's motion provided the trial court
with an opportunity to take corrective action - granting the motion for new trial - without burdening
the parties and the judicial system with a costly appeal and retrial. Second, appellant's motion gave
the State a fair opportunity to respond. Although appellant could have filed a motion to dismiss after
the close of all the evidence, his delay until the motion for new trial did not prejudice the State in
any way. Third, appellant's delay until his motion for new trial did not impair the orderly and
effective presentation of the case to the jury.

 We hold that appellant's motion for new trial was sufficient under Rule 33.1 to preserve for
appellate consideration his "unconstitutionally vague as applied" challenge to § 42.07(a)(4), and the
court of appeals erred in holding otherwise. We sustain in part appellant's ground for review, vacate
the judgment of the court of appeals, and remand the case to that court so that it may reconsider
appellant's fourth point of error.


DELIVERED SEPTEMBER 27, 2006

PUBLISH


 
1. Section 42.07(a)(4) provides that "[a] person commits an offense if, with intent to
harass, annoy, alarm, abuse, torment, or embarrass another, he causes the telephone of another to
ring repeatedly or makes repeated telephone communications anonymously or in a manner
reasonably likely to harass, annoy, alarm, abuse, torment, embarrass, or offend another." Section
42.07(c) provides that this offense is a Class B misdemeanor.
2. A claim that a statute is unconstitutional "on its face" is a claim that the statute, by its
terms, always operates unconstitutionally. Texas Boll Weevil Eradication Found. v. Lewellen,
952 S.W.2d 454, 461 n. 5 (Tex. 1997).
3. A claim that a statute is unconstitutional "as applied" is a claim that the statute,
although generally constitutional, operates unconstitutionally as to the claimant because of his
particular circumstances. Texas Boll Weevil Eradication Found. v. Lewellen, 952 S.W.2d 454,
461 n. 5 (Tex. 1997).
4. "Since [a contention that a statute is unconstitutional as applied] requires a recourse to
evidence, it cannot be properly raised by a pretrial motion to quash the charging instrument." G.
Dix & R. Dawson, 43A Tex. Prac. Series: Criminal Practice and Procedure § 42.254 (Supp.
2005).
5. Appellant's ground for review states: "When and how should defense counsel object at
trial in order to preserve an appellate complaint that a penal statute has been unconstitutionally
applied to him?"