Memorandum Opinion of October 31, 2006, Withdrawn; Motion for Rehearing
Granted; Affirmed and Opinion on Rehearing filed March 29, 2007








Memorandum
Opinion of October 31, 2006, Withdrawn; Motion for Rehearing Granted; Affirmed
and Opinion on Rehearing filed March 29, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00153-CR

____________

 

ALFRED NISHON PAYNE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 230th District
Court

 Harris County, Texas

Trial Court Cause No.
1044740

 



 

M E M O R A N D U M   O P I N I O N   O N   R E H E A R I N G

We grant
the State=s motion for rehearing, withdraw the memorandum opinion issued in this
case on October 31, 2006, and issue this opinion in its place.

A jury
convicted appellant, Alfred Nishon Payne, of unlawful possession of a firearm
by a felon.  Appellant entered a plea of true to two enhancement paragraphs. 
The trial court sentenced appellant as a habitual offender to confinement for
thirty-five years in the Texas Department of Criminal Justice, Institutional
Division.  Appellant raises two points of error on appeal.








In point
of error one appellant claims the trial court erred in admitting evidence based
upon scientifically unreliable expert fingerprint testimony.  Catherine Mills,
a fingerprint identification expert, testified for the State that appellant=s fingerprints matched the
fingerprints of the Alfred Payne in State=s Exhibit 4, a judgment from
conviction for delivery of a controlled substance.  Subsequently, when the
State offered Exhibit 4 into evidence, defense counsel questioned Mills on voir
dire.  Counsel then objected Ato saying that specifically the prints of the defendant are
on the card . . .@  The trial court asked, AIs your objection as to the exhibit?@  Defense counsel replied, AYes.@ 

The
record reflects no objection was made to Mills= testimony.  Because appellant=s argument on appeal does not comport
with his objection at trial, nothing is preserved for review.  See Santellan
v. State, 939 S.W.2d 155, 171 (Tex.Crim.App.1997); Drew v. State, 76
S.W.3d 436, 462 (Tex.App.B Houston [14th Dist.] 2002, pet. ref=d).  Furthermore, if the objection
encompassed Mills= testimony, it was untimely and therefore any error is
waived.  See Tex. R. App. P.  33.1;
Hollins v. State, 805 S.W.2d 475, 476 (Tex.Crim.App.1991); Lown v.
State, 172 S.W.3d 753,758 (Tex. App. B Houston [14th Dist.] 2005, no
pet.).  For these reasons, point of error one is overruled. 

  In his
second point of error appellant argues the evidence is legally insufficient to
prove the two enhancement paragraphs.  Appellant asserts the State failed to
prove the previous convictions were Afelony@ convictions and therefore did not
establish his status as a habitual offender.  See Tex. Pen. Code ' 12.42(d).  The State contends the
pleas of true relieved the State of its burden to prove the prior convictions. 
See  Harvey v. State, 611 S.W.2d 108,111 (Tex.Crim.App. 1981). 








Assault against a public servant is, at least, a third degree
felony.  See Tex. Pen. Code ' 22.01(b)(1).  Moreover, appellant entered a plea of
true to the first enhancement paragraph alleging Athe Defendant was convicted of the
felony of assault of a public servant.@ (Emphasis added.)    There is nothing
in the record affirmatively showing that conviction could not be used to
enhance appellant=s punishment.  See Ex parte Rich, 194 S.W.3d 508, 513 (Tex. Crim.
App. 2006).  Accordingly, appellant=s plea of true is sufficient to prove the
prior felony conviction of assault.

Appellant
entered a plea of true to the second enhancement paragraph alleging Athe Defendant committed the felony of
possession with intent to deliver a controlled substance and was finally
convicted of that offense on May 3, 2001, in Cause No. 871943, in the 177th
District Court of Harris County, Texas.@  Possession with intent to deliver
is not necessarily a felony that can be used for enhancement purposes under
section 12.42(d).  However, because the record does not affirmatively reflect
enhancement is improper, the plea of true relieved the State of its obligation
to prove the prior conviction.  See Ex parte Rich, 194 S.W.3d at 513. 
Appellant=s second point of error is overruled and the judgment of the trial court
is affirmed.

 

PER CURIAM

 

Judgment rendered and Memorandum Opinion filed March
29, 2007.

Panel consists of Justices Fowler, Edelman, and Frost.

Do Not Publish C Tex. R. App. P.
47.2(b).