**Opinion filed December 9, 2010**



## In The

# Eleventh Court of Appeals

_____

### No. 11-09-00137-CR

_____

### SABRINA GUTIERREZ PEREZ, Appellant

### V.

### STATE OF TEXAS, Appellee

**On Appeal from the 118th District Court**

**Howard County, Texas**

**Trial Court Cause No. 12462**

### M E M O R A N D U M   O P I N I O N

The jury found Sabrina Gutierrez Perez guilty of burglary of a habitation and assessed her punishment at nine years confinement and a fine of $1,000.   We affirm.

### I. *Background Facts*

Perez and Enrique Alvarez were staying with Alvarez's sister, Gloria Alvarez, at Northcrest Apartments in Big Spring.  Perez and Alvarez were romantically involved, and Perez was pregnant.  Gloria testified that one evening Perez and Alvarez had been drinking and were not in the apartment when she went to sleep at around 9:00 p.m.

A six-foot-high chain-link fence ran behind the entire length of Northcrest Apartments. The only way to get behind the fence was to walk around either end of the apartment complex. The apartment complex office was at one end of the complex, and Gloria's apartment was somewhere in the middle.

Christina Regan also lived at Northcrest Apartments. A little after midnight, Regan was walking across the parking lot when she heard a loud noise. Another resident grabbed Regan's arm and told her to come upstairs. There, Regan looked out a window and saw a man carrying something out of the apartment complex office, and she called 911. The man went around the chain-link fence behind the office, then came back. A little while later, a woman appeared from behind the fence. The woman and man talked for thirty seconds to a minute. The man reentered the office and carried something else out, and the man and woman left together behind the fence.

A few minutes later, the police arrived and searched the field behind the fence. Perez and Alvarez emerged from some bushes close to the fence and fled. Police ordered them stop, but with no result. When the police caught them, Alvarez became aggressive, and a taser was used to subdue him. Perez cursed at police, then at Alvarez. Soon, Perez was also detained.

Perez and Alvarez were extremely intoxicated. Alvarez had severe lacerations and was covered with blood. Perez became aggressive on the way to the police station. When she arrived at the station and her handcuffs were removed, she cursed at the arresting officer and tried to head-butt him. She had to be handcuffed again until she calmed down.

Two glass doors leading to the apartment complex office had been broken, probably with a piece of bed frame. A trail of blood led from the office around the fence. Behind the fence, police found computer equipment that had been taken from the office. The equipment was covered with blood.

At trial, Perez emphasized that her fingerprints were not found on the equipment or in the office and that she was not bleeding and did not appear to have any blood on her at the time of her arrest. Alvarez testified for the defense. Alvarez stated that he left Gloria's apartment sometime between 9:00 p.m. and 11:00 p.m. At that time, Perez was already in bed. He claimed that Perez was not involved in the burglary and that she appeared at the scene only after he had broken into the office and started removing equipment. He testified that Perez yelled at him to stop. He further claimed that Perez did not flee from police. Before Perez's trial, Alvarez had been convicted of the same burglary.

## II. *Issues*

In her first two issues, Perez argues that the evidence was legally and factually insufficient to support her conviction as a party to the offense of burglary. In her third issue, she contends that the trial court abused its discretion in not having reread all of the testimony requested by the jury during deliberations.

## III. *Was the Evidence Sufficient to Support Conviction?*

Perez first argues that the evidence was legally and factually insufficient to support her conviction as a party to the offense of burglary. The Texas Court of Criminal Appeals, however, recently held that legal sufficiency is the only standard that a reviewing court should apply. *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at *1 (Tex. Crim. App. Oct. 6, 2010). To determine whether evidence is legally sufficient, we review all of the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307 (1979). The factfinder is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Adelman v. State*, 828 S.W.2d 418, 421 (Tex. Crim. App. 1992). The factfinder may choose to believe or disbelieve all or any part of any witness's testimony. *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).

A person commits burglary if, without the effective consent of the owner, the person enters a habitation or a building not then open to the public, with the intent to commit a felony, theft, or assault. TEX. PENAL CODE ANN. § 30.02(a)(1) (Vernon 2003). A person commits theft if he appropriates property of another without the owner's effective consent and with the intent to deprive the owner of the property. *Id*. § 31.03(a), (b) (Pamph. Supp. 2010).

A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. *Id*. § 7.01(a) (Vernon 2003). A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, directs, aids, or attempts to aid the other person to commit the offense. *Id*. § 7.02(a)(2). Each party to an offense may be charged with the commission of the offense. *Id*. § 7.01(b).

To determine whether the accused participated as a party, the court may look to events occurring before, during, and after the commission of the offense and may rely on the defendant's actions that show an understanding and common design to do the prohibited act.

3

*Ransom, v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994). An individual may be guilty of burglary even though she does not personally enter the burglarized premises if she is acting together with another in the commission of the offense. *Clark v. State*, 543 S.W.2d 125, 127 (Tex. Crim. App. 1976). Circumstantial evidence may be used to prove party status. *Ransom,* 920 S.W.2d at 302. While the mere presence of the accused at the scene is not alone sufficient to support conviction, it is a circumstance tending to prove guilt, which combined with other facts may suffice to show that the accused was a party to the crime. *Valdez v. State*, 623 S.W.2d 317, 321 (Tex. Crim. App. 1981). Likewise, while flight alone will not support a guilty verdict, evidence of flight from a crime scene is a circumstance from which an inference of guilt may be drawn. *Id.* In a circumstantial evidence case, it is unnecessary for every fact to point directly and independently to the guilt of the accused; rather, it is enough if the finding of guilt is warranted by the cumulative force of all incriminating evidence. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

The State offered evidence showing that someone broke into the apartment complex office, removed computer equipment, and took the equipment behind the chain-link fence. While the State offered no evidence that Perez entered the office or helped to carry any of the equipment, it did provide evidence demonstrating that Perez was a party to the burglary.

First, the direction from which Regan testified the woman appeared tended to show involvement with the crime. Regan testified that the woman came from behind the fence, talked with the man, and then left with him behind the fence. The apartment complex office was at one end of the complex, and Gloria's apartment was somewhere in the middle. The State produced evidence showing that a person coming from the middle of the apartment complex could only get behind the fence by walking to either end of the complex. For instance, Alvarez testified that, to commit the burglary, he walked from Gloria's apartment to the office down the sidewalk bordering the parking lot. Thus, he did not approach the office from behind the fence.

Second, when the police arrived, they saw Perez and Alvarez fleeing across the field behind the fence. When the officers caught and detained them, the two were uncooperative and aggressive. Alvarez told the police that he and Perez were coming from the same place. In the field, police found computer equipment taken from the office.

4

Third, the manager of the apartment complex testified that, before the burglary, Alvarez had never been inside the office. Perez, however, had been inside to pick up an application for an apartment.

Fourth, Perez was in a relationship with Alvarez, she and Alvarez were staying at Gloria's apartment, and Alvarez was convicted of the same burglary.

Viewing this evidence in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that Perez was guilty of burglary under the law of parties. *See Powell v. State*, 194 S.W.3d 503, 507-08 (Tex. Crim. App. 2006) (holding that, even in the absence of evidence that the accused ever entered complainant's house, evidence was legally sufficient to support conviction as a party to burglary when the accused was present outside complainant's house, left the crime scene after verbally abusing complainant, was seen changing shirts with another man on the sidewalk near the crime scene, and was in possession of material linking him to a person who had pleaded guilty to the same burglary). Therefore, Perez's first two issues are overruled.

IV. *Did the Trial Court Abuse its Discretion By Not Reading to the Jury All of the Requested Testimony?*

Perez next argues that the trial court abused its discretion by not having all disputed testimony reread to the jury.

During deliberations, the jury requested that an answer from Gloria's testimony be reread to them. The trial court ascertained that the jury was in dispute as to whether Gloria testified that Perez and Alvarez were at her apartment when she went to sleep. In response, the trial court instructed the court reporter to reread the following from Gloria's testimony:

Q: But when you went to bed that night, were they there?

A: No, sir.

On appeal, Perez contends that the trial court erred in not having the court reporter reread two other portions of Gloria's testimony that Perez claims addressed the same question:

Q: When you went to bed, would you say that they were sober, or could you say how much --?

A: They were already feeling good. They were already drinking. They were already feeling good. I know that part, but I don't know.

5

. . . .

Q: Do you recall when you went to bed, were Mr. Alvarez and Ms. Perez -- were they still at the apartment?

A: No, sir. They were -- my husband went to go take my grandbaby to school, and he asked me where -- "Are they in the room?" I said, "I don't know. They should, apparently asleep or something."

Then, he goes, "Go open the door." From the room -- my room was closed -- my door was closed. And I opened the door, and they weren't there. Both of them weren't there.

When the jury asks that certain disputed testimony be reread, the trial court must first determine if the jury's inquiry is proper under TEX. CODE CRIM. PROC. ANN. art. 36.28 (Vernon 2006). *Brown v. State*, 870 S.W.2d 53, 55 (Tex. Crim. App. 1994). If it is proper, the trial court must then interpret the communication, decide what sections of the testimony will best answer the inquiry, and then limit the rereading accordingly. *Id.* We do not disturb the trial court's decision unless a clear abuse of discretion and harm is shown. *Id.*

Complaints about error in the reading of trial testimony must be preserved by objection at the time of reading. *Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991). The record does not show that Perez made any objection that the testimony reread to the jury was too limited. Therefore, the issue has not been preserved for appeal. Perez's third issue is overruled.

V. *Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


December 9, 2010

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

6