

IN THE
TENTH COURT OF APPEALS

No. 10-11-00041-CR

MICHAEL HENRY MCCOY,

Appellant

 v.

THE STATE OF TEXAS,

Appellee

From the 40th District Court
Ellis County, Texas
Trial Court No. 34793CR

MEMORANDUM  OPINION

A jury found Appellant Michael Henry McCoy guilty of indecency with a child, *see* TEX. PENAL CODE ANN. § 21.11 (West 2011), assessed his punishment at three years' imprisonment, and recommended that the trial court place him on community supervision. The trial court suspended McCoy's sentence and placed him on community supervision for five years. In his sole issue, McCoy contends that the trial court abused its discretion in refusing to read back the testimony requested by the jury. *See* TEX. CODE CRIM. PROC. ANN. art. 36.28 (West 2006). We will affirm.

The jury began its deliberations on the afternoon of January 12, 2011. During their deliberations, the jury sent out a note requesting to see all statements made by the victim to the police and to the children's advocacy group. The trial court recited the proposed response on the record: "Members of the jury, you have received all of the evidence which has been offered and admitted during the trial. Please continue to deliberate." The trial court then asked if both sides agreed. The prosecutor responded, "Yes, Judge." Defense counsel stated, "I'm fine with that." At 5:25 p.m., the trial court sent the jury home for the night with deliberations to continue at 9:00 a.m. the next morning.

The next morning, jury deliberations continued. At some point, the jury sent out a second note: "Request to see all yesterday's court transcript to review." The trial court again recited the proposed response on the record:

> Members of the jury, Texas law does not permit a general reading of the testimony. The only portion of the record that can be read back to you, if it can be isolated, is a point in dispute. Your presiding juror must certify to that particular point, signed by the Presiding Judge.

The trial court then asked if it was agreeable to the State and the defense. Both the prosecutor and defense counsel responded, "That's fine."

Later, the jury sent out a third note. The trial court stated:

> The note states request father, slash, daughter accounts of what happened in the car between all locations. . . . And I'm reading the note exactly as it is written. The proposed response to the note from the jury, which has been shown to both the prosecution and the defense. Members of the jury, your note is considered a request for a general reading of the testimony, which Texas law does not permit. The only portion of the record that can be read back to you, if it can be isolated, is a point in dispute. Your

presiding juror must certify to that particular point.  Signed by the Presiding Judge.

The trial court then asked if that was agreeable to the State and the defense.  Both the prosecutor and defense counsel responded, "Yes."   The jury ultimately returned to the courtroom at 10:50 a.m. with a verdict of guilty.

Article 36.28 of the Code of Criminal Procedure provides:

In the trial of a criminal case in a court of record, if the jury disagree as to the statement of any witness they may, upon applying to the court, have read to them from the court reporter's notes that part of such witness testimony or the particular point in dispute.

TEX. CODE CRIM. PROC. ANN. art. 36.28.  To preserve a complaint that the trial court did not comply with article 36.28, a defendant must either object or file a formal bill of exception.  *See Hollins v. State*, 805 S.W.2d 475, 476-77 (Tex. Crim. App. 1991); *see also Garcia v. State*, No. 05-09-01024-CR, 2011 WL 5607828, at *4 (Tex. App.—Dallas Nov. 18, 2011, pet. ref'd) (not designated for publication).

Here, McCoy did not object to the trial court's responses to the jury notes.  McCoy did not request that the trial court provide any portion of the testimony to the jury.  McCoy did not file a bill of exception.  To the contrary, McCoy affirmatively agreed on the record with the responses to the jury notes before they were given to the jury.  Therefore, McCoy has failed to preserve his complaint for review.  *See* TEX. R. APP. P. 33.1, 33.2; *Hollins*, 805 S.W.2d at 476-77; *see also Garcia*, 2011 WL 5607828, at *4.  We overrule McCoy's sole issue and affirm the trial court's judgment.


REX D. DAVIS

Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed August 9, 2012
Do not publish
[CR25]