In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-16-00065-CR**
_____

**JOSE ALEXANDER RIVERA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the County Court at Law No. 1
Montgomery County, Texas
Trial Cause No. 15-303311

**MEMORANDUM OPINION**

Appellant, Jose Alexander Rivera, was charged by information with the misdemeanor offense of burglary of a vehicle. *See* Tex. Pen. Code Ann. § 30.04(a) (West 2011). A jury found Rivera guilty of the offense, and the trial court assessed punishment at ten months of confinement in county jail. On appeal, Rivera argues that his rights were violated by the State's failure to preserve potential evidence. We affirm the trial court's judgment.

1

In his sole issue on appeal, Rivera argues that his right to due course of law under the Texas Constitution was violated because the State failed to "disclose, collect or preserve" evidence from the crime scene that could have been useful to him. *See* Tex. Const. art. I, § 19 (providing that "[n]o citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."). Specifically, Rivera contends that the officer that arrested him failed to take into evidence various tools found lying on the ground next to the vehicle that Rivera was accused of burglarizing, arguing that the tools could have been tested to see if they showed evidence of having been handled by Rivera.[1]

To preserve a complaint for appellate review, a party must show that he presented to the trial court a timely request, objection, or motion that stated the specific grounds for the ruling desired, and that the trial court either expressly or impliedly ruled on the request, objection, or motion. Tex. R. App. P. 33.1(a). In other words, he must "let the trial judge know what he wants, why he thinks himself entitled to it, and . . . do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it." *Lankston v.*

---

[1] The tools were described in the trial as "some pliers, a screwdriver and tools" and referred to as "burglary tools."

*State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992). Failure to comply with this requirement generally results in forfeiture of a complaint on appeal. *See Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).

During the trial, Rivera developed evidence regarding the tools through cross-examination of the arresting officer. The officer acknowledged that the tools could have been checked for fingerprints if he had collected them as evidence. The officer also conceded that he did not taken them into evidence, at least in part because he did not expect the crime analysis lab to have the time to run forensic tests in this type of case, and also because he had an eyewitness that "had eyes on" Rivera continuously throughout the burglary and the subsequent arrest.

On appeal, Rivera complains that the presence of "burglary tools" at the scene was not disclosed before trial and that he only learned of the existence of the tools at the time of the arresting officer's testimony. A complaint is timely if it is made "as soon as the ground of objection becomes apparent." *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011) (quoting *Hollins v. State,* 805 S.W.2d 475, 476 (Tex. Crim. App. 1991)). Even accepting as true Rivera's factual assertion that he only learned of the existence of the tools during the officer's testimony, the record indicates that at no time after the officer first mentioned the tools near the burglarized vehicle did Rivera lodge any objection regarding the State's failure to collect them

as evidence. He did not move to strike or exclude the officer's testimony regarding the tools. He did not seek a mistrial or dismissal of the charge based on any alleged constitutional violation, nor in any way otherwise bring to the trial court's attention any complaint about the tools. Rivera did not request an adverse inference instruction or any other jury instruction related to the uncollected evidence. Finally, he did not file a motion for new trial or any other post-judgment motion. Accordingly, the issue was not properly raised and ruled upon in the trial court and therefore, is not preserved for review. *See* Tex. R. App. P. 33.1.

We overrule Rivera's appellate issue and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on June 13, 2017
Opinion Delivered September 27, 2017
Do Not Publish

Before Kreger, Horton, and Johnson, JJ.

4