

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-18-00189-CR

_____

JIMMY MATHIS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 17-F-0563-202

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

The event forming the basis for this appeal occurred during Jimmy Mathis' jury trial that resulted in his conviction for aggravated sexual assault of a child[1] and his life sentence. Shortly after forensic interviewer and expert witness Jessica Kelly testified that the victim, Sunday Nicholas,[2] exhibited a demeanor consistent with the demeanor of other Kelly child-interviewees that had been molested, Mathis objected to the testimony asserting that it constituted improper bolstering and improper testimony that Kelly believed the victim. On appeal, however, Mathis claims that the testimony was erroneously admitted because Kelly was not shown to be qualified as an expert witness to speak to the demeanor of the victim. Even if the objection at trial survived the fact that it was made after the answer and the delay was not explained, it cannot have survived Mathis' failure to argue on appeal the basis of his objection at trial regarding that testimony. Because this lone point of error on appeal was not preserved for our review, we affirm the judgment of the trial court.

"Preservation of error is a systemic requirement on appeal." *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009). "If an issue has not been preserved for appeal," the court of appeals should not address the merits of that issue. *Id*. (citing *Haley v. State*, 173 S.W.3d 510, 515 (Tex. Crim. App. 2005)). "For a party to preserve a complaint for appellate review, the complaining party must make a specific objection and obtain a ruling on the objection." *Yazdchi v. State*, 428 S.W.3d 831, 844 (Tex. Crim. App. 2014) (citing *Wilson v. State*, 71 S.W.3d 346, 349

---

[1]TEX. PENAL CODE ANN. § 22.021 (West 2019).

[2]We use a pseudonym to protect the child's identity. *See* TEX. R. APP. P. 9.10.

(Tex. Crim. App. 2002)).  The objection must be made at the earliest possible opportunity.  *Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991).  Also, the point of error on appeal must be essentially the same objection that was made at trial.  *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); *Thomas v. State*, 723 S.W.2d 696, 700 (Tex. Crim. App. 1986).

During its case-in-chief, the State elicited the testimony of Kelly, from the Texarkana Children's Advocacy Center (CAC).  Kelly testified that she has a bachelor's degree in psychology from Southern Arkansas University and is working to earn her certification as a licensed professional counselor.  She attended the Child First Protocol training in Arkansas, as well as block training in Texas.  Kelly also attended advanced training in multi-session forensic interviewing, advanced training in the Prepare and Predict model, hosted by Homeland Security, and additional advanced training on how to introduce evidence into CAC interviews.  Kelly testified that she has conducted approximately 476 forensic interviews over the course of her career.  Kelly was tendered and accepted as an expert in the area of forensic interviewing.  Mathis offered no objection to her being qualified as an expert witness.

Thereafter, Kelly testified about her CAC interview with the victim.  It is a portion of this testimony about which Mathis complains on appeal:

> Q       All right.  Now, at some point you get into the part of the allegation. Is that correct?
>
> A       That's correct.
>
> Q       All right.  And while the child is giving you the information, specifically, Sunday Nicholas, who you conducted the interview of, was she able to give you a detailed account as to what happened to her, the what, the when, the where, all of that?

3

A        Yes, sir.

Q        And when she provided all of that information to you, you're sitting there alone in the room with this child.  Did you have an opportunity to observe her demeanor?

A        I did.

Q        And from your experience, have you interviewed children around her age that have come forward with allegations such as this?

A        Yes.

Q        Was Sunday Nicholas's demeanor consistent with other children that you have interviewed that have been molested?

A        Yes, sir.

[Defense Counsel]:        Your Honor, can we approach real quick?

THE COURT:        Yes.

[Defense Counsel]:        I object to the consistent demeanor question because I think that's simply having the witness bolster basically that she believes Sunday.  I think it's improper for her to say that she believes her.

.    .    .    .

THE COURT:        I think she said it was consistent, so I'll overrule your objection.

On appeal, Mathis complains that the trial court erred in permitting Kelly to testify about the victim's demeanor during the interview because Kelly was not properly qualified as an expert witness to provide such testimony.  But, as can be seen above, Mathis did not object on that basis at trial, and his point of error on appeal does not comport with the objection made at trial; it, thus,

4

has not been preserved for our review.[3]  *See Wilson*, 71 S.W.3d at 349; *see also Swain v. State*, 181 S.W.3d 359, 367 (Tex. Crim. App. 2005).

We overrule Mathis' sole point of error and affirm the trial court's judgment.

Josh R. Morriss, III
Chief Justice

Date Submitted:     May 15, 2019
Date Decided:       May 16, 2019

Do Not Publish

---

[3]We also conclude that the objection was too late to be effective.  "[T]he failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence."  *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002).  "A complaint is timely if it is made 'as soon as the ground of objection becomes apparent.'" *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011) (quoting *Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991)).  "If a defendant fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely, and any claim of error is forfeited." *Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim. App. 2008).

Here, the grounds of Mathis' trial objection based on bolstering and believability were apparent once the question had been asked regarding the consistency of Sunday's demeanor with that of other children Kelly had interviewed.  Mathis objected to this question only after Kelly responded.  Having offered no legitimate reason to justify the delay, Mathis presented an objection that was untimely.  *See Luna*, 268 S.W.3d at 604; *see also Pena*, 353 S.W.3d at 807.

5