

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00057-CR

DEMANUEL B. FLETCHER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 48,002-A

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

Demanuel B. Fletcher was sentenced to fifteen years' incarceration after a jury convicted him of unlawful possession of a firearm by a felon.[1] Fletcher appeals his conviction on one issue claiming that the trial court erred in permitting the State to cross-examine him about "certain bad acts." Because we find that error has not been preserved for our review on this issue, we affirm the trial court's judgment.

## I. Factual and Procedural Background

In August 2018, Longview police officers executed a search warrant at a local residence based on information that narcotics were being sold from the residence. Fletcher was inside the residence, sitting on the couch, when the warrant was executed.[2] A second occupant of the residence, Richard Wofford, was detained in the back bedroom. A pistol with a loaded magazine was located on the couch next to Fletcher.[3] The officers located marihuana in a jar, marihuana cigars, scales, drug paraphernalia, cocaine, and Xanax inside the residence. In an audio/video recording played for the jury without objection, Fletcher was heard telling officers that he owned the marihuana cigars, but did not own the jar containing marihuana. The investigating officer testified that the marihuana in the jar appeared to be of a quantity indicative of sale rather than of personal use, and the Xanax was found in the couch where Fletcher was sitting.

---

[1]*See* TEX. PENAL CODE ANN. § 46.04. The punishment range for this third-degree felony was enhanced following the jury's finding that the enhancement allegation of the indictment was proved true.

[2]The individuals named in the search warrant were not present at the residence when the warrant was executed. Fletcher was not named in the warrant.

[3]The pistol was not examined for fingerprints.

Without objection, Wofford testified that he arrived at the residence shortly before the warrant was executed and purchased a small amount of marihuana from Fletcher. Testifying on his own behalf, Fletcher denied having sold marihuana to Wofford and pointed out that he had no money on him at the time of his arrest. He testified that he had been in the house the entire day, and, while he had marihuana cigars with him, he did not have a gun. When the State asked Fletcher if Wofford owned the cocaine in the closet, Fletcher responded that he did not know there was cocaine in the closet and that the residence was "not [his] house."

Following this testimony, the State asked Fletcher about his interview with law enforcement in which he stated, "[T]he weed's mine." Counsel for Fletcher asked, "[I]s there a question in this?" The trial court interpreted this question as an objection and overruled it. Fletcher then testified that the marihuana cigars were the only thing in the house that belonged to him and that the "weed in the Mason jar" was not his. Fletcher also stated that, since his release from the penitentiary, he had not sold drugs.

Fletcher admitted that he was convicted twice in 2009 for selling "dope," but stated that those were the only two drug sales he ever made. When the State challenged that assertion, Fletcher offered to take a lie detector test. Fletcher explained that he had ten marihuana cigars on the day he was arrested, that Wofford took him to the seller's house to purchase them, and that he and Wofford smoked three of the cigars. The State then elicited testimony from Fletcher—again without objection—disclosing the name of the person from whom he purchased the marihuana cigars.

Further unobjected-to testimony revealed that, after Fletcher got out of prison in March, he worked for two weeks and then he bought some marihuana. The State continued to ask redundant questions about Fletcher's consumption and sale of narcotics, his decision to live in a "trap house,"[4] and his previous drug charges and other convictions, most of which garnered no objection.

## II. Error Preservation

Fletcher contends that the trial court erred by allowing the State to question him about "prior bad acts." Fletcher has narrowed his complaint to specific portions of testimony, including the following exchange on cross-examination:

> Q. Who else have you bought dope from?
>
> A. I mean, what - - I mean, what - - what do this pertain to this case?
>
> Q. Who else have you bought dope from, Mr. Fletcher?
>
> [Defense Counsel]: Judge, I'm going to have to agree with my client. Relevance.
>
> THE COURT: I'm going to overrule.

Fletcher then answered the question and identified the seller.

On appeal, Fletcher complains that this evidence was improperly admitted because he did not "'open the door' in direct testimony by leaving a false impression as to the extent of his trouble with police, and the testimony was therefore inadmissible [for impeachment purposes]" under Rule

---

[4]A "trap house" is slang for a location that is strictly used for the sale of narcotics.

404(b) of the Texas Rules of Evidence. *See* TEX. R. EVID. 404(b).[5]  Because this objection was not made at trial, we may not address it on appeal.  "The point of error on appeal must correspond or comport with the objection made at trial."  *Wright v. State*, 154 S.W.3d 235, 241 (Tex. App.—Texarkana 2005, pet. ref'd) (citing *Dixon v. State*, 2 S.W.3d 263, 273 (Tex. Crim. App. 1998) (op. on reh'g)).  "Where a trial objection does not comport with the issue raised on appeal, the appellant has preserved nothing for review."  *Id.*; *see* TEX. R. APP. P. 33.1.  Because the trial objection was based solely on relevance, Fletcher has not preserved a Rule 404(b) objection for our review.

We also find that Fletcher's relevance objection, which was raised at trial and preserved for appellate review, was not briefed on appeal.  Fletcher's brief simply states that the question was "irrelevant for other purposes."  "[T]o preserve error on appeal an appellant's 'brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.'"  *Johnson v. State*, 263 S.W.3d 405, 416 (Tex. App.—Waco 2008, pet. ref'd) (quoting TEX. R. APP. P. 38.1(h)).  And, "[w]here the 'appellant points us to nothing in the record, makes no argument, and cites no authority to support [ ]his proposition,' '[w]e will not make [the] appellant's arguments for him[,] and [will] hold the allegation to be inadequately briefed.'"  *Id.* (quoting *Wyatt v. State*, 23 S.W.3d 18, 23 n.5 (Tex. Crim. App. 2000) (2nd through 6th alterations in original). Since this issue is inadequately briefed, Fletcher has presented nothing

---

[5]Under Rule 404(b)(1), "Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  TEX. R. EVID. 404(b)(1).  Rule 404(b)(2) provides, however, "This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  TEX. R. EVID. 404(b)(2).

for our review. *See Saldano v. State*, 232 S.W.3d 77, 107 n.29 (Tex. Crim. App. 2007) (when issue is inadequately briefed, it presents nothing for review).

Fletcher next complains that these questions were improper under Rule 404(b):

Q.     How many times have you sold dope in that house?

A.     I never sold no dope in that house.

Q.     How many times have you sold dope other places?

A.     In my past time.

[Defense Counsel]:  Objection, Judge.  That's treading dangerously close to somewhere we don't need to be."

The State replied, "[H]e put himself on the stand."  At that point, counsel approached the bench for an off-the-record conference.  At the end of the conference, the court simply stated, "You may continue."

Even if the trial court's comment could be viewed as implicitly overruling Fletcher's objection, the objection did not preserve error.  Defense counsel objected only after Fletcher had answered each of the questions about which he now complains.  As a result, his objection was untimely.  This objection also lacked specificity and did not invoke Rule 404(b)—the basis of Fletcher's appellate complaint.[6]  "[T]he failure to object in a timely and specific manner during trial forfeits complaints about the admissibility of evidence."  *Saldano v. State*, 70 S.W.3d 873, 889 (Tex. Crim. App. 2002).  "A complaint is timely if it is made 'as soon as the ground of objection becomes apparent.'"  *Pena v. State*, 353 S.W.3d 797, 807 (Tex. Crim. App. 2011)

---

[6]At trial, counsel voiced a single objection to "prior bad acts."  Although Fletcher's appellate brief mentions this objection in the statement of facts, it is not otherwise mentioned or analyzed.

6

(quoting *Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991)). "If a defendant fails to object until after an objectionable question has been asked and answered, and he can show no legitimate reason to justify the delay, his objection is untimely, and any claim of error is forfeited." *Luna v. State*, 268 S.W.3d 594, 604 (Tex. Crim. App. 2008). This claim of error has not been preserved for our review.

Finally, Fletcher complains that, on cross-examination, the State asked him if his son was in the car when he went to buy marihuana. Because there was no objection to this question, this complaint has not been preserved for our review.

## III. Conclusion

We affirm the trial court's judgment.


Scott E. Stevens
Justice

Date Submitted:   September 17, 2019
Date Decided:    October 2, 2019

Do Not Publish

7