

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00116-CR

WILLIAM BULLARD,

                                                    Appellant

 v.

THE STATE OF TEXAS,

                                                    Appellee

From the 220th District Court
Bosque County, Texas
Trial Court No. CR15715

## MEMORANDUM  OPINION

A jury found William Bullard guilty of possession of methamphetamine, a state jail felony.  At the punishment phase, Bullard entered pleas of true to both enhancement allegations alleged in the indictment, and the jury assessed his punishment at fifteen years in prison and a $5,000 fine.  The trial court sentenced Bullard accordingly but waived the fine.  This appeal ensued.  We will affirm.

**Issues**

Bullard's brief does not include an "Issues Presented"[1] section; however, Bullard argues that this appeal is based on the fact that during jury selection, the prospective jurors were not questioned about the possible enhanced range of punishment of two to twenty years' incarceration. Bullard contends that article 36.01 of the Code of Criminal Procedure is unconstitutional because it precluded Bullard from questioning the prospective jurors on the possible enhanced range of punishment, which amounted to a denial of Bullard's right to a fair trial. Bullard also appears to argue that the trial court erred in charging the jury at the punishment phase on the enhanced range of punishment.

**Constitutionality of Article 36.01**

We begin with Bullard's challenge to the constitutionality of article 36.01 of the Code of Criminal Procedure.

AUTHORITY

A facial challenge to the constitutionality of a statute can be forfeited if not challenged in the trial court; such a challenge may not be raised for the first time on appeal. *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). An as-applied challenge to the constitutionality of a statute can also be forfeited by a failure to object in the trial court. *Curry v. State*, 910 S.W.2d 490, 496 (Tex. Crim. App. 1995).

---

[1] *See* TEX. R. APP. P. 38.1(f).

ANALYSIS

The record before us reflects that Bullard did not object in the trial court that article 36.01 of the Code of Criminal Procedure was unconstitutional. Bullard contends that his objection to the trial court instructing the jury in the punishment charge that the range of punishment was by imprisonment in the Texas Department of Criminal Justice for any term of not more than twenty years or less than two years was sufficient to preserve his constitutional challenge on appeal. But "an objection at trial that does not comport with the complaint on appeal presents nothing for review." *Chambers v. State*, 903 S.W.2d 21, 32 (Tex. Crim. App. 1995).

Because no specific, timely constitutional challenge was made in the trial court, Bullard's constitutional challenge is not preserved for our review. *See* TEX. R. APP. P. 33.1(a); *Karenev*, 281 S.W.3d at 434; *Curry*, 910 S.W.2d at 496.

**Denial of Questioning on Range of Punishment**

Bullard also contends in his brief "that at trial, he was precluded from examining prospective jurors on the punishment range he would face at trial."

AUTHORITY

To have preserved a complaint for appellate review, Rule of Appellate Procedure 33.1 requires that: (1) the complaining party made a timely and specific request, objection, or motion; and (2) either the trial court ruled on the request, objection, or motion, or the trial court refused to rule, and the complaining party objected to that

refusal.  TEX. R. APP. P. 33.1(a); *see Geuder v. State*, 115 S.W.3d 11, 13 (Tex. Crim. App. 2003).  "The purpose of a timely objection is to give the trial judge the opportunity to cure error."  *Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991).  We review for an abuse of discretion when deciding appeals concerning the manner of jury selection, and it is essential that the record before us present a question asked during jury selection that the trial judge has not allowed to be answered.  *Cockrum v. State*, 758 S.W.2d 577, 584 (Tex. Crim. App. 1988).  "If counsel refrains, for what ever reason, from asking a question, the judge is denied the opportunity to make a ruling.  Thus, we are unable to review the correctness of a ruling which was never made."  *Id.*

ANALYSIS

The record reflects that the trial court never prohibited Bullard from questioning the prospective jurors on the enhanced range of punishment, nor did Bullard ever attempt to question the prospective jurors on the enhanced range of punishment. Because Bullard never asked the prospective jurors about the enhanced range of punishment, the trial court never ruled on this issue.

> [A]ll a party has to do to avoid the forfeiture of a complaint on appeal is to let the trial judge know what he wants, why he thinks himself entitled to it, and to do so clearly enough for the judge to understand him at a time when the trial court is in a proper position to do something about it.

*Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992).  Because Bullard did not do so, Bullard's complaint that he was denied the right to question the prospective jurors on the enhanced range of punishment is not preserved for our review.

Bullard v. State                                                                                          Page 4

**Punishment Charge Objection**

We will next address Bullard's argument that the trial court erred in instructing the jury on the enhanced range of punishment in the punishment charge. Bullard argues that this was error when the prospective jurors were not questioned about the enhanced range of punishment. But, if Bullard wanted the jury to be informed or questioned regarding the enhanced range of punishment, Bullard could have done so during his own jury selection. *See Woodard v. State*, No. 09-04-505 CR, 2005 WL 1907001, at *7 (Tex. App.—Beaumont Aug. 10, 2005, pet. ref'd) (mem. op., not designated for publication).

Bullard pleaded true to both enhancement allegations at the punishment phase of the trial. The jury was instructed to find the enhancement allegations true, and it did so on its verdict form.

Section 12.425(b) of the Penal Code requires that a defendant shall be punished for a felony of the second degree if "the defendant has previously been finally convicted of two felonies other than a state jail felony punishable under Section 12.35(a), and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final . . . ." TEX. PENAL CODE ANN. § 12.425(b).

With Bullard's pleas of true to both enhancement allegations and the admission of penitentiary packets containing the judgments of conviction for both enhancement allegations, the trial court was required to instruct the jury that the range of punishment

was by imprisonment in the Texas Department of Criminal Justice for any term of not more than twenty years or less than two years.

We overrule Bullard's complaint that the punishment charge incorrectly instructed the jury on the range of punishment.

## Conclusion

We affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
      Justice Johnson, and
      Justice Smith
Affirmed
Opinion delivered and filed December 21, 2022
Do not publish
[CR25]

