In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-16-00303-CR
NO. 09-16-00307-CR
_____

**ROBERT COR'DARIUS TAYLOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 221st District Court**
**Montgomery County, Texas**
**Trial Cause Nos. 16-07-08241-CR and 16-07-08240-CR**

**MEMORANDUM OPINION**

On appellant's motion for rehearing, we withdraw the opinion of April 18, 2018, and substitute this opinion. In separate indictments, the State charged Robert Cor'Darius Taylor with aggravated sexual assault of a child younger than fourteen,

1

stemming from two incidents occurring on or about June 1, 2007, and July 1, 2007.[1]

*See* Tex. Penal Code Ann. § 22.021(a)(1)(B) (West Supp. 2017).[2] A jury tried and convicted Taylor in both causes. The jury assessed punishment at seventy-five years in each cause number, and the judge stacked the sentences to run consecutively. Taylor appeals his conviction.

In five issues, Taylor argues (1) the evidence is insufficient to support a conviction for aggravated sexual assault of a child; (2) the trial court erred in refusing to charge the jury with the lesser included offense of indecency with child; (3) the trial court erred in allowing the State to introduce extraneous bad acts when counsel's questions had not "opened the door" and the admitted extraneous acts were not offered to refute a defensive theory; (4) the State engaged in on-going prosecutorial misconduct of such a magnitude that it deprived the accused of fundamental fairness and due process of law; and, (5) the trial court abused its discretion when its response to a jury question exceeded the scope of the question

---

[1] The Montgomery County grand jury originally indicted Taylor in Trial Cause Number 15-11-12548-CR on November 24, 2015. The grand jury then re-indicted Taylor on July 19, 2016, in two separate trial cause numbers, 16-07-08241 arising out of the incident occurring on or about July 1, 2007, and 16-07-08240 arising out of the incident occurring on or about June 1, 2007. The State moved to join the prosecutions of Trial Cause Numbers 16-07-08241 and 16-07-08240.

[2] We cite to the current version of the Penal Code provisions, as the amendments made to the cited statutes do not affect this appeal.

2

and provided information for which the jury had not indicated there was a dispute. We affirm the trial court's judgment.

## I. Background

The complainant is B.C.[3] Taylor is B.C.'s paternal uncle.[4] The charges of aggravated sexual assault of a child arose out of two separate incidents which occurred in the summer of 2007 at B.C.'s paternal grandmother's home in Montgomery County, Texas, when B.C. was approximately seven years old. B.C. testified that these were not the only two incidents. B.C. could not recall when Taylor first started doing bad things to her, but Taylor admitted to B.C.'s father it was when she was a toddler.

The indictment for the first incident alleged that

Taylor, on or about June 01, 2007, . . . did then and there intentionally or knowingly cause the sexual organ of B.C., a child who was then and there younger than 14 years of age, to contact the sexual organ of the defendant, [a]nd . . . that on or about June 1, 2007, . . . [Taylor], did then and there intentionally or knowingly cause the penetration of the sexual organ of B.C., a child . . . younger than 14 years of age, by inserting the Defendant's sexual organ[.]

---

[3] To protect the privacy of the victim, we identify her by her initials. *See* Tex. Const. art. I, § 30(a)(1) (granting victims of crime "the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process"). We refer to family members who testified by their initials as well.

[4] At trial, B.C. and other witnesses often referred to Taylor by his nickname, "Cody."

B.C. testified with specificity that she was vaginally raped one evening when she spent the night at her paternal grandmother's house, and her testimony was consistent with the allegations contained in the indictment.

> The second indictment alleged that
>
> Taylor, on or about July 01, 2007, . . . did then and there intentionally or knowingly cause the anus of B.C., a child who was then and there younger than 14 years of age, to contact the sexual organ of the defendant, [a]nd . . . on or about July 1, 2007, . . . [Taylor] . . . did then and there intentionally or knowingly cause the penetration of the anus of B.C., a child who was then and there younger than 14 years of age, by inserting the Defendant's sexual organ[.]"

The second assault also occurred when B.C. was seven, but this time in the bathroom of her paternal grandmother's home. B.C. testified in detail regarding this assault, which supported the allegations charged in the indictment.

On June 29, 2015, and in the days that followed, B.C. made a delayed outcry to her mother, R.C., regarding Taylor's assaults. R.C. testified at trial that B.C. told her she had something she needed to talk about. At the time, B.C. was fifteen years old. R.C. indicated B.C. told her she had been molested. R.C. asked B.C. who had molested her, and she could tell B.C. was nervous. R.C. testified that when she started going through names, B.C. was shaking and said it was her "Uncle Cody." Over the course of several days, B.C. provided details of the abuse to R.C. When R.C. confronted Taylor on June 29, 2015, and asked him what he did, his response

4

was that he "did not penetrate." L.C., B.C.'s father, also testified that he confronted Taylor on June 29, 2015, upon learning of the allegations. L.C. indicated that Taylor told him, "When I was young I did some stupid stuff. I touched my niece."

L.C. and R.C. testified they called the police the day B.C. made the initial outcry. The police conducted an investigation, which included interviewing Taylor and having a forensic interview conducted of B.C. After gathering information, the detective assigned to the case testified she came to the conclusion Taylor committed two separate offenses of aggravated sexual assault of a child. Her testimony was consistent with the allegations contained in the indictments.

During the charge conference, the defense asked for two lesser included charges, one of which was indecency by contact.[5] Tex. Penal Code Ann. § 21.11(a)(1) (West Supp. 2017). The trial court denied the request.

Prior to trial, Taylor elected to have the jury assess punishment. The jury convicted Taylor of both offenses of sexual assault of a child and assessed punishment at seventy-five years for each offense, which was stacked by the trial court. This appeal ensued.

---

[5] The reporter's record indicates defense counsel switched the two penal code provisions and their descriptions when requesting the submission of assault and indecency during the charge conference. The denied assault submission is not an issue in this appeal.

## II. Analysis

### A. Issue One: Legal Sufficiency

In his first issue, Taylor argues that the evidence is insufficient to support his convictions for aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B). When there is a challenge to the sufficiency of the evidence, we review the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 902, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307 (1979) (concluding the *Jackson* standard "is the only standard that a reviewing court should apply" when examining the sufficiency of the evidence)); *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). We look to all evidence in the record, including admissible and inadmissible evidence, and direct and circumstantial evidence. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). The jury is the sole judge of the witnesses' credibility and weight to be given to their testimony. *Tate v. State*, 500 S.W.3d 410, 413 (Tex. Crim. App. 2016). Juries may draw multiple reasonable inferences from facts so long as each inference is supported by the evidence presented at trial. *Id.* Accordingly, we are required to defer to the jury's determinations of weight and credibility of the witnesses. *See Brooks*, 323 S.W.3d at 899.

At trial, B.C. testified in great detail regarding both assaults. She recalled that both incidents occurred in the summer when she was seven years old. B.C. spent the night at her paternal grandmother's house with S.W., who is the younger step-sister of B.C.'s father. S.W., although B.C.'s aunt, is only five years older than B.C. The girls spent the night watching music videos in the living room of B.C.'s paternal grandmother's home. S.W. and B.C. both indicated they fell asleep on couches in the living room that night. B.C. testified that at some point after she fell asleep, Taylor woke her up and asked her to get on the floor with him, so she complied. S.W.'s testimony was consistent with B.C.'s in this regard. S.W. testified that after witnessing Taylor tell B.C. to get on the floor, she went back to sleep and did not hear anything else. B.C. testified that Taylor then vaginally raped her with his penis.

B.C. also testified that in a subsequent incident that summer, Taylor assaulted her in the bathroom at her grandmother's house during a family gathering, and she recalled the family wore green. B.C. testified she was seven years old then, as well. B.C. indicated all of the other adults were outside when Taylor approached her as she exited the bathroom. B.C. indicated Taylor ordered her back into the bathroom, where he proceeded to rape her by inserting his sexual organ into her anus.

The trial court conducted a 38.072 hearing outside the presence of the jury regarding B.C.'s mother, R.C., testifying as an outcry witness, because B.C. was less

7

than fourteen at the time the offenses were committed and R.C. is the first person that B.C. told about the offenses. *See* Tex. Code Crim. Proc. Ann. art. 38.072 (West Supp. 2017). The trial court concluded that R.C. could testify as an outcry witness.

"The testimony of a child victim alone is sufficient to support a conviction for aggravated sexual assault." *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd) (citing Tex. Code Crim. Proc. Ann. art. 38.07(b)(1) (West Supp. 2017)); *Johnson v. State*, 419 S.W.3d 665, 671 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd.). Moreover, a child victim's outcry alone can be sufficient to support a conviction of aggravated sexual assault. *Tear*, 74 S.W.3d at 560; *see also* Tex. Code Crim. Proc. Ann. art. 38.072.

The testimony of the child victim alone or the testimony of her mother as the outcry witness alone was legally sufficient to support the jury's verdict of guilt beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 899; *Johnson*, 419 S.W.3d at 671; *Tear*, 74 S.W.3d. at 560. Here, the jury had the benefit of both witnesses, and their testimonies were consistent.

Although Taylor denied certain allegations and other witnesses testified they did not hear anything, "[w]hen the record supports conflicting inferences, we presume that the jury resolved the conflicts in favor of the verdict." *See Tate*, 500 S.W.3d at 413. In viewing all of the evidence in the light most favorable to the

8

verdicts, we conclude the evidence was legally sufficient, and the jury was rationally justified in finding Taylor guilty beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 899. We overrule Taylor's first issue.

**B. Issue Two: Jury Charge and Lesser Included Offense**

In his second issue, Taylor contends the trial court erred by refusing his request for the lesser included offense of indecency with a child. *See* Tex. Penal Code Ann. § 21.11(a)(1). Taylor argued that the evidence from Detective Acklin indicated that Taylor touched B.C. with his hand outside of the clothing on her leg, and there was more than a scintilla of evidence that that occurred. The State responded that the charging instrument is aggravated sexual assault of a child and the manner and means is penetration or contact by the penis of the Defendant with the sexual organ of the victim. The State argued it did not allege finger or finger touching in the charged offense. The trial court ruled that the request was denied, because it did not believe indecency was "a lesser included" of the indicted offense.

In 2007, Texas adopted the cognate-pleadings approach in *Hall v. State* as the sole test for determining whether a party is entitled to a lesser included offense instruction. 225 S.W.3d 524, 535 (Tex. Crim. App. 2007). This involves the application of a two-step analysis. *State v. Meru*, 414 S.W.3d 159, 162 (Tex. Crim. App. 2013); *Hall*, 225 S.W.3d. at 535. In conducting this analysis, we ask whether

9

the elements of the lesser-included offense are included within the proof necessary to establish the elements of the charged offense and whether there is evidence in the record that could allow a jury to find the defendant guilty of only the lesser-included offense. *See Meru*, 414 S.W.3d at 162–63. "An offense is a lesser included offense if [] it is established by proof of the same or less than all the facts required to establish the commission of the offense charged[.]" Tex. Code Crim. Proc. Ann. art. 37.09(1) (West 2006). "Both statutory elements and any descriptive averments [i.e., manner and means,] alleged in the indictment for the greater-inclusive offense should be compared to the statutory elements of the lesser offense." *Ex parte Watson*, 306 S.W.3d 259, 273 (Tex. Crim. App. 2009) Said another way, when evaluating whether a defendant is entitled to a lesser included offense in the jury charge, our determination should be made by comparing the elements of the greater offense, as pleaded by the State in the indictment, with the statutory elements defining the lesser offense. *Hall*, 225 S.W.3d at 525. Because the first step in the analysis is a question of law, we conduct a *de novo* review. *See id.* at 535; *Guzman v. State*, 955 S.W.2d 85, 87–89 (Tex. Crim. App. 1997). The second step requires that we ask whether there is evidence that supports giving the instruction to the jury. *Hall*, 225 S.W.3d at 536. In the second step of the analysis, we review the trial court's decision for an abuse of discretion.

Taylor focuses on the second prong of the analysis while completely disregarding the first prong.

A person commits aggravated sexual assault of a child under the age of fourteen, if the person intentionally or knowingly: (1) causes the penetration of the anus or sexual organ of a child by any means or (2) causes the anus of a child to contact the mouth, anus, or sexual organ of another person, including the actor. Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (iv). A person commits the offense of indecency with a child younger than seventeen years, if the person engages in sexual contact with the child or causes the child to engage in sexual contact. Tex. Penal Code Ann. § 21.11(a)(1). Sexual contact means any touching of any part of the body of a child, including touching through clothing, with the anus, breast, or any part of the genitals of a person. Tex. Penal Code Ann. § 21.11(c)(2).

When the State uses one act to prove both offenses, courts have held indecency with a child to be a lesser included offense of aggravated sexual assault. *See, e.g., Evans v. State*, 299 S.W.3d 138, 143 (Tex. Crim. App. 2009); *Ochoa v. State,* 982 S.W.2d 904, 908 (Tex. Crim. App. 1998). In contrast, when the evidence supporting an indecency charge is distinct from that supporting the charge of aggravated sexual assault, the indecency charge will not be a lesser included offense of the aggravated sexual assault, and both could be prosecuted without violating the

11

double-jeopardy clause. *See, e.g., Bottenfield v. State,* 77 S.W.3d 349, 358 (Tex. App.—Fort Worth 2002, pet. ref'd) (explaining that evidence showed appellant touched one of the victims inappropriately twice, thus supporting convictions for both aggravated sexual assault and indecency).

When examining the elements as charged in both indictments, the State alleges that Taylor intentionally or knowingly contacted or penetrated B.C. with his sexual organ, once vaginally and once anally, which constitutes aggravated sexual assault of a child. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B)(i), (iv).

Despite Taylor's assertion that there was more than "a scintilla of evidence" from the detective's testimony, which indicated Taylor made sexual contact with B.C. by touching her with his hand on the outside of her clothing, those acts are separate and distinct from the elements required to prove aggravated sexual assault as alleged in the indictments, given that at the time those acts occurred, B.C. was no more than three or four years old.

Moreover, even if one assumes Taylor meets the first prong under *Hall*, there was no evidence adduced at trial that supports the allegation Taylor touched B.C. with an open hand when she was seven years old. Indeed, a recorded conversation between the detective and Taylor, admitted as State's Exhibit 9, reveals that Taylor specifically denied touching B.C. when she was as old as seven. While Taylor denied

12

touching her with his penis, he admitted touching her with his hands with her clothes on, but he told the detective B.C. was no older than three or four years of age when he touched her. The "touching" would constitute separate offenses, with separate elements, committed in a separate manner. The contact is not a lesser included offense to aggravated sexual assaults that occurred as alleged in the indictments at issue. *See, e.g., Bottenfield*, 77 S.W.3d at 358.

We overrule Taylor's second issue.

## C. Issue Three: Unredacted Phone Call

In issue three, Taylor complains the trial court abused its discretion by admitting the State's audio recording of an unredacted phone call between Taylor and Detective Acklin, arguing that counsel's questions on cross-examination had not opened the door to such evidence, and the bad acts were not offered to rebut any defensive theory. Tex. R. Evid. 404(b).

We review a trial court's decision to admit evidence over an objection under an abuse of discretion standard and will not reverse its decision absent a clear abuse of discretion. *See Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). "The trial court does not abuse its discretion unless its determination lies outside the zone of reasonable disagreement." *Id.*

As a prerequisite to presenting a complaint on appeal, however, the record must show the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling desired from the trial court with enough specificity to make the trial court aware of the complaint. Tex. R. App. P. 33.1(a)(1). Additionally, the complaining party must show that the trial court ruled on the request, objection, or motion, or refused to rule and the complaining party objected to the refusal. Tex. R. App. P. 33.1(a)(2).

The record reveals the State moved to admit the unredacted copy of Exhibit 9, which was an audio recording of Taylor's conversation with the detective, arguing the defense opened the door by asking the detective questions about the Defendant's previous abuse. The judge ruled the State could enter Exhibit 9 without redaction, and there was no objection by Taylor either before or after the admission of the unredacted exhibit.

Accordingly, we conclude Taylor failed to preserve this complaint for appeal, and we overrule his third issue. *See* Tex. R. App. P. 33.1(a).

## D. Issue Four: Prosecutorial Misconduct

Taylor argues in his fourth issue that the prosecutor repeatedly engaged in misconduct such that it undermined the fact-finding process and deprived Taylor of fundamental fairness and due process. Taylor focuses on certain statements of the

14

prosecutor during jury selection as well as a line of questioning during the guilt-innocence portion of the trial that Taylor argues was intended only to bolster the complaining witness' credibility and invoke the passion and sympathy of the jury.

Specifically, Taylor complains of the prosecutor's statement during jury selection that "[n]obody likes sex offenders…If I only got jurors who liked sex offenders, I could never prosecute sex offenders." Omitted from Taylor's recitation though, is the follow-up statement of the prosecutor that stated, "But the important thing is that good people like you come into this courtroom and they agree to listen to all of the evidence and to decide this case based on the evidence." Clearly, the prosecutor's statement was intended to stress to the potential jurors that they must set aside any bias or prejudice against sex offenders and base their verdict on the evidence presented, a proper instruction to the panel.

Secondly, Taylor complains of a series of questions asked of the prosecution's witnesses that Taylor argues were directed to improperly bolster the child complainant's credibility and to appeal to the passion and sympathy of the jury. The prosecutor asked the victim and her family how the revelation of the accusations against a family member has affected the extended family. Taylor admits, though, that such questions were asked of these witnesses without objection.

Prosecutorial misconduct is generally an independent basis for objection that must be specifically urged in order for error to be preserved. *Hajjar v. State*, 176 S.W.3d 554, 566 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd). In order to properly preserve error in cases of prosecutorial misconduct, an appellant must (1) object on specific grounds, (2) request an instruction that the jury disregard the comment, and (3) move for a mistrial. *Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995); *see also* Tex. R. App. P. 33.1.

Taylor failed to object to both the comments and the line of questioning and failed to offer prosecutorial misconduct as a basis for seeking a mistrial. Taylor argues that the alleged errors involve a violation of an absolute systemic requirement under *Marin*, which may be raised for the first time on appeal. *See Proenza v. State*, 541 S.W.3d 786, 792 (Tex. Crim. App. 2017) (quoting *Marin v. State*, 851 S.W.2d 275, 279 (Tex. Crim. App. 1993)). However, Taylor cites to no authority for the proposition that the complained of allegations of prosecutorial misconduct rise to the level of a violation of an absolute or systemic requirement, or that Taylor was denied a waivable-only right that he did not waive. *See Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004). We decline to so hold.

"[N]umerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review

unless properly preserved." *Anderson v. State*, 301 S.W.3d 276, 279–80 (Tex. Crim. App. 2009). Especially when the right at issue is evidentiary or procedurally based, it makes sense to require an objection or an affirmative request. *Grado v. State*, 445 S.W.3d 736, 741 (Tex. Crim. App. 2014). Moreover, even inflammatory jury argument is forfeitable. *Hernandez v. State*, 538 S.W.3d 619, 622-23 (Tex. Crim. App. 2018). Here, Taylor seeks to elevate a line of questioning and jury argument to a due process violation by labelling it prosecutorial misconduct, but objections under the rules of evidence would have provided the trial court with an opportunity to address the conduct if the prosecutor's questions were improper because they elicited irrelevant or inflammatory responses. We conclude that the conduct Taylor complains about in his appeal concerns a forfeitable right. *See Grado*, 445 S.W.3d at 739; *Mendez*, 138 S.W.3d at 342. Because Taylor failed to object or properly preserve error, he waived these complaints. *See* Tex. R. App. P. 33.1; *Penry*, 903 S.W.2d at 764.

Issue four is overruled.

**E. Issue Five: Trial Court's Response to Jury's Questions During Deliberations**

Last, Taylor contends the trial court abused its discretion when it sent a portion of B.C.'s testimony back to the jury, which arguably exceeded the scope of part one of the jury's question, and the jury failed to indicate there was a dispute over the

17

testimony in part two of the question. Specifically, Taylor complains about the trial court's response to the jury's questions regarding B.C.'s testimony surrounding the bathroom encounter.

Articles 36.27 and 36.28 of the Texas Code of Criminal Procedure govern jury communications with the court and the reading of testimony "if the jury disagree as to the statement of any witness[.]" Tex. Code Crim. Proc. Ann. art. 36.28 (West 2006); *see also* Tex. Code Crim. Proc. Ann. art. 36.27 (West 2006). When there is a dispute, the jury may request, and the trial may read to it the portion of the testimony or the particular point in dispute and no other. *See* Tex. Code Crim. Proc. Ann. art. 36.28.

"It is well established that complaints about error in the reading of trial testimony must be preserved by objection at the time of the reading." *Hollins v. State*, 805 S.W.2d 475, 476 (Tex. Crim. App. 1991). In analyzing article 36.28, the Court of Criminal Appeals explained "[t]he rule requires objection as soon as the error is apparent or should be apparent[.]" *Id.* at 477. A timely objection is necessary in order to give the trial judge an opportunity to cure the error. *Id.* at 476.

The jury's questions are contained in the clerk's record, along with the portion of testimony the trial judge sent in response. Taylor had ample opportunity to object. *See* Tex. Code Crim. Proc. Ann. art. 36.27 (instructing the trial court to secure the

presence of the defendant and his counsel when answering a jury question to provide an opportunity to object). Defense counsel was present when the judge advised what she was sending to the jury. *Id.* Indeed, defense counsel inquired whether B.C. "[said] anything else" and asked whether "there was nothing else about being outside[.]" Despite these inquiries, the record is devoid of any objection or complaint by Taylor's trial counsel to the testimony the trial judge sent in response to the jury's questions. In fact, contrary to Taylor's assertion in this appeal that the trial judge sent too much of B.C.'s testimony back to the jury, the questions asked by defense counsel during trial indicate a desire that more information be sent in response to the jury's questions.

Without a timely objection to the portion of the testimony the trial court sent in response to the jury's inquiries, we conclude Taylor failed to preserve this complaint. *See* Tex. R. App. P. 33.1. Therefore, we overrule issue five.

### III. Conclusion

Based on our analysis above, we conclude the evidence in this case was legally sufficient to support the jury's verdict. In light of the allegations contained in the indictments and the testimony presented at trial, we have also determined Taylor was not entitled to the submission of indecency by contact as a lesser included charge. Finally, because Taylor did not timely object during trial, he failed to

19

preserve his complaints for appeal on issues three, four, and five. *See* Tex. R. App.

P. 33.1. The judgment of the trial court is affirmed.

AFFIRMED.

_____

CHARLES KREGER

Justice

Submitted on March 1, 2018
Opinion Delivered May 16, 2018
Do Not Publish

Before McKeithen, C.J., Kreger, and Horton, JJ.